## Hotz's Estate.

### Conditions and Limitations in restraint of Marriage.

1. Though a bequest to which a condition is appended in restraint of marriage is void, as against public policy, yet a testator may, by proper words of limitation, restrict the enjoyment of a bequest to the period during which his legatee shall remain unmarried.

2. Where a testator gave to his executors the sum of $5000, in trust to invest the same, after the death of his wife, and pay the interest "unto my daughter-in-law, Mary H. Hotz, wife of my son Peter, if she shall be living and the wife and widow of my son, for her sole and separate use, upon her own receipt, and for and during all the term she shall continue the wife or widow of my son," with a limitation over for life to another, and a further disposition, in case of the death of the second *cestui que trust*, if she should marry; it was *Held*, that the bequest was not upon a condition *in terrorem*, but that it terminated upon her marriage, and passed into the residue of the estate, to be disposed of under the will.

APPEAL from the Orphans' Court of *Philadelphia.*

This was an appeal by Charlotte B. Hervy, late Charlotte B. Hotz, from the decree of the Orphans' Court dismissing her petition praying for a decree of the Orphans' Court, directing the executors of the last will and testament of Peter Hotz, to pay over to her an annuity of $300 in semi-annual payments, which had been left to her under the said will.

The case was this:—

Peter Hotz the elder, by will dated March 2d 1838, among other bequests, made the following:

"Item: From and immediately after the decease of my said wife, I give and bequeath unto my executors hereinafter named, and the survivors and survivor of them, the sum of five thousand dollars, in trust, nevertheless, to place and continue the same at interest on good landed security, or invest the same in some productive public fund or funds, and pay the interest and income thereof, when and as the same shall be received, unto my daughter-in-law, (Mary K.) Hotz, wife of my son Peter, if she shall then be living, and the wife or widow of my said son, for her sole or separate use, upon her own receipt, for and during all the time she shall continue the wife or widow of my said son; and upon the decease or intermarriage of my said daughter-in-law, or in case she shall be deceased, or again intermarried, at the decease of my said wife, then in trust to pay the said interest and income unto her daughter, Mary H. B. Hotz, if she shall then be living, for and during all the term of her natural life, for her sole and separate use, upon her own receipts.

"Item: All the rest, residue, reversion, and remainder of my estate, real and personal, whatsoever and wheresoever, including the said sums of five thousand dollars, and one thousand dollars,

[Hotz's Estate.]

upon the termination of the interests therein bequeathed, I give, devise, and bequeath unto my three daughters, Abigail Hotz, Anna Catharine Shick, and Elizabeth Williamson, their respective heirs, executors, administrators, and assigns, in equal parts and shares, to be held and enjoyed by my said daughters for their sole and separate use respectively, without the control or interference of any person or persons whatsoever."

The widow of testator and his three daughters Abigail, Anna Catharine, and Elizabeth were appointed to execute this will. The widow died in 1852, having survived the testator's son Peter for some time.

After the death of the widow, the surviving executrixes invested the sum of $5000 as directed in the will, and paid the interest semi-annually to Charlotte until the 18th of July 1858. When the next payment, which came due January 18th 1859, was demanded, they refused to pay it, upon the ground that in the month of November 1858 she had been married, and that therefore, under the will of Mr. Hotz, that sum had sunk into the residuum of the estate.

Mrs. Hervy thereupon presented her petition to the Orphans' Court, setting forth briefly the foregoing facts, and praying for a decree directing the surviving executrixes to pay over the interest due.

To this the respondents filed an answer, setting forth the bequest at length, and alleging that, in consequence of the marriage of the petitioner, she was no longer entitled to receive it, and that, by the death of Mary H. B. Hotz prior to her mother's marriage, the trust created by the will had ceased, and the principal sum became vested under the residuary clause in the will. To this there was a formal replication, and thus the matter was submitted on argument to the court.

On hearing the case, the Orphans' Court (THOMPSON, P. J.) delivered the following opinion :—

" The distinction between a bequest to which a condition is appended in restraint of marriage, and a limitation of an annuity or bequest to continue as long as a woman remains unmarried, has been fully recognised by our decisions.

" The condition annexed to such a bequest by which it is to be defeated upon marriage, is void as against public policy: Mc-Ilvaine v. Gethen, 3 Wh. 575; Commonwealth v. Stauffer, 10 Barr 354: but by proper words of limitation, a testator may restrict the time for the enjoyment of his bequest, to the period during which the party receiving it shall remain unmarried: Hoopes v. Dundas, 10 Barr 75; Bennett v. Robinson, 10 Watts 351.

" The difference between a condition in restraint of marriage, and a limitation designating marriage as the extent of the be-

quest, is a narrow one, and in some cases the difficulty is to ascertain to which class a bequest belongs. A limitation over in case of the breach of such a condition, has sometimes been held to make the condition available.

"The case before us is not embarrassed with any such difficulty. The testator, from and immediately after the decease of his wife, gives to his executors the sum of $5000, in trust, to place the same at interest, and directs the payment of the interest in the following terms: 'And pay the interest and income when and as the same shall be received, unto my daughter-in-law, Mary K. Hotz, wife of my son Peter, if she shall be living and the wife and widow of my said son, for her sole or separate use, upon her own receipt, and for and during all the term she shall continue the wife or widow of my said son.'

"'There is no doubt,' says Kindersley, V. C., in Loyd *v.* Loyd, 10 Eng. Law and Eq. Rep. 143, 'that a testator may give an annuity either to his wife or a stranger, to continue so long as she remains single and unmarried.'

"In this bequest no prior estate or interest is given to Mrs. Hotz for life, or for any other period to which a condition is appended. The interest of the fund is directed in the first instance to be paid to her for and during all the term she shall continue the widow of testator's son. No estate is to be defeated by her marriage, for none is given. The period of her marriage is fixed as the limit at which the payment of the interest is to cease as to her, and then the same is given over to another beneficiary.

"The direction to pay 'to her sole and separate use' does not in this case indicate any other intention. In McIlvaine *v.* Gethen such a direction was referred to as raising a doubt as to intention; but in this case, the direction is inapplicable to the bequest of Mrs. Hotz, then the wife of testator's son, inasmuch as the payment was to be made to her during her husband's life, if he survived the testator, and was designed to be made to her alone. The legacy was to her, if a wife at testator's death, for her sole and separate use, and to continue during the period she should be the wife or the widow of the son. The purpose of this direction is manifest, and no doubt is raised by it as to the intention of the testator to limit the bequest to the widowhood of the legatee.

"No other expressions in the will indicate any other intention. In case of the marriage of the annuitant, the testator directs that the interest and income of the trust fund shall be paid to her daughter, if then living, for and during the term of her life; and further, in case of the termination of the interests bequeathed as to the sum so held in trust, the said sum is expressly included in the residue of the estate and bequeathed to the three daughters of the testator.

[Hotz's Estate.]

"It appears, therefore, that the bequest was a restricted one, with a limitation over for life to another, at its termination by marriage; and a further disposition of it, if, by the decease of the second *cestui que trust*, the fund should come into the residue of the estate. Under no fair construction can this be considered a bequest upon a condition *in terrorem*.

"The decease of the daughter, to whom the annuity was limited for life, before the marriage of her mother took place, did not affect or enlarge the interest of the widow, and the fund goes over under the terms of the will, which dispose of it as part of the residue of the estate.

"The prayer of the petitioner must be refused, and the petition dismissed."

The case was then removed into this court by the petitioner, who assigned the decree of the court below for error.

*A. V. Parsons*, for appellant.—The question in this case is, whether the restraining the payment of the annuity on the event of a second marriage is a condition or a limitation. If the former, the condition alone is void, but the legacy vests. That the bequest was a conditional one, he cited and relied on Hoops *v.* Dundas, 10 Barr 75; Middleton *v.* Rice, 6 Pa. Law Jour. 229; McIlvaine *v.* Gethen, 3 Wh. 575; Parsons *v.* Winslow, 6 Mass. Rep. 169; Marples *v.* Bainbridge, 1 Maddock 317; Wheeler *v.* Bingham, 1 Wilson Rep. 135; Long *v.* Dennis, 4 Burr. 2052.

*Eli K. Price*, for appellees.—The trust is to pay during "all the time she shall continue the wife or widow" of Peter Hotz. With her marriage that term ended: where, then, is the authority to pay afterwards? Whether this be a condition subsequent, or a mere limitation during widowhood, the case is with the respondents. The cases cited on the other side are not like the one before us; while Bennett *v.* Robinson, 10 Watts 348, Stahl's Appeal, 2 Barr 301, and Kringle's Estate, 1 Phil. Rep. 443, are in point, and rule the case against the petitioner.

The opinion of the court was delivered, March 11th 1861, by

THOMPSON, J—All the requirements of this case are so fully met and covered by the opinion of the learned President of the Orphans' Court, that we are saved the labour of any additional investigation of the points raised, and affirm the decree for the reasons therein given; citing only, in addition to the authorities he has cited, the case of Connell *et ux. v.* Lovell's Executors, 11 Casey 100. It fully sustains the doctrine announced in this case.

Decree affirmed at the costs of the appellees.