## Appeal of the Pennsylvania Company for Insurances on Lives and Granting Annuities. Hilsee's Estate.

1. Testator devised and bequeathed all his estate to his executors to divide the same into four parts, one to go to his son Charles, and the remaining three to be invested, one for his son J., and the other two for his daughters. H. and S. respectively, each to have the interest and income of these several shares during life, and upon the death of either, the share of the decedent was bequeathed to his or her surviving children. But if either should die without leaving surviving children or the issue of a deceased child or children, then he directed the interest or income of the share of the decedent to be divided among the survivor or survivors of them, the said J., H., and S., and the issue of such as may be dead. *Held*, that it was the intention of the testator, that his grandchildren, if any such there might be, should take the *corpora* of these funds after the death of their parents, but should there be no grandchildren, then the parent was to be substituted and take the *corpus* of the bequest.

2. The bequest of the "interest and income" of a share was a bequest of the share itself.

January 19th 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.   WILLIAMS, J., absent.

Appeal from the Orphans' Court of *Philadelphia county:* Of January Term, 1876, No. 154.

This appeal was from the decree of the court sur exceptions to the adjudication of the account of the executors of Joel C. Hilsee, deceased.

Hilsee by his will, dated May 29th 1856, devised and bequeathed all his estate, real and personal, to his executors, The Pennsylvania Company for Insurances on Lives and Granting Annuities, in trust to sell the same at either public or private sale, and after payment of debts and a legacy to his wife, to divide the residue into four equal parts and pay one to his son Charles, and the remaining three, to invest, one for his son Joseph, one for his daughter Hannah R., and the other for his daughter Sarah T., each to have and enjoy the interest and income of his or her share during life, and, upon the death of either, he bequeathed the share of the decedent to his or her surviving children. But if either should die without leaving surviving children, or the issue of a deceased child or children, then he directed the interest and income of the share of the decedent to

be divided among the survivor or survivors of them, the said Joseph T., Hannah R., and Sarah T., and the issue of such as may be dead, leaving issue.

The testator's daughter, Sarah T., died without issue on the 11th of July 1867.   His son, Joseph T. Hilsee, died, leaving no children surviving him, on the 15th of September 1867, and his daughter Hannah R. Kaufman died September 19th 1873, leaving one son, Leon Kaufman, surviving, who is now of full age.

The executors and trustees, upon the decease of Hannah R. Kaufman, filed their account.   The auditing judge, Hanna, J., in the adjudication of the account, after finding the facts as above, said :—

"Leon Kaufman claims in his own right the entire estate in the hands of the accountants, the trust having ended by the death of Mrs. Kaufman.

"Under the third item of testator's will, a trust was created for each of his said three children during their natural lives.   But the trust ceased upon the death of either, leaving surviving child or children, the latter inheriting the parent's share in fee.

"Leon Kaufman is, therefore, entitled to his mother's one-third part of the estate.

"But the question arises, what disposition is to be made of the two remaining shares ?

"After the death of her sister and brother, Mrs. Kaufman became entitled to enjoy the interest and income of their shares; thus of the income of the entire estate.   And the same was paid to her by accountants.

"But the testator failed to dispose of the remainder in the shares of her brother and sister, after the death of Mrs. Kaufman.   He therefore died intestate as to these two shares.

"The balance in the hands of accountants will, therefore, be awarded, one-third to Leon Kaufman, and two-thirds to an administrator *d. b. n.* of the testator, when appointed."

Exceptions were filed by the executors, which the court dismissed, and from this decree this appeal was taken.

*John G. Johnson*, for appellant.—It may be argued, 1. There was an intestacy as to each share, which fell in, prior to Hannah's decease, upon the deaths of Sarah and Joseph respectively.   2. The shares of those dying intestate, not only those originally given, but those accrued, went over.

Was there an intestacy ?   It is true that, upon the death of either child, without leaving surviving children, it was only the "interest and income" of the share which was directed to be divided; but it would be a waste of time to cite authorities for the elementary position that the bequest of the income of a fund is a

bequest of the fund itself. Had there been an intestacy, the distribution should have been to the next of kin of Joel C. Hilsee.

Did all the shares accrue until the death of the last survivor, in case of no prior leaving of children, and then pass in aggregate to his or her issue? No authority can be cited to sustain this position. There is no aggregate fund. Each share is directed to be held separately, for the life of each child. There is no intention manifested to keep the distribution of the whole open until the death of the last survivor. The period fixed for distribution is, in each case, the death of the life-tenant of the particular share. Can there be any doubt of the meaning of the words used, leaving out the "interest and income of," which is surplusage? In case of the death of either life-tenant of a share, "then he directed the share of the decedent to be divided among the survivor or survivors of the said Joseph, Sarah and Hannah, and the issue of such as may be dead." Where is the warrant for the claim that the survivors took only a life-estate in the share so distributed?

No counsel appeared for appellees.

Mr. Justice GORDON delivered the opinion of the court, January 29th 1877.

Joel C. Hilsee, by his will, dated May 29th 1856, proved at Philadelphia, June 9th 1856, devised and bequeathed all his estate, real and personal, to his executor, the appellant, upon trust to sell the same, and, after payment of his debts and a legacy to his wife, to divide the residue into four equal shares, and pay one to his son Charles; the remaining three he directed to be invested, one for his son Joseph, one for his daughter Hannah R., and the other for his daughter Sarah T.; each to have and enjoy the interest and income of his or her share during life, and, upon the death of either, he bequeathed the share of the decedent to his or her surviving children. But if either should die without leaving surviving children, or the issue of a deceased child or children, then he directed the interest and income of the share of the decedent to be divided among the survivor or survivors of them, the said Joseph T., Hannah R. and Sarah T., and the issue of such as may be dead, leaving issue.

We think it manifest the testator intended to dispose of the whole of these several funds, thus created for the benefit of his three children. That he intended that his grandchildren, if any such there might be, should take the *corpora* of these funds, after the death of their parents, is not doubtful. In case, however, either of his children should die without leaving issue living, at the time of his or her death, the survivor or survivors were to take the share of such decedent. What is this but a substitution of the parents for the children, on the happening of the contingency of there being

no children to take the *corpus* of the bequest? The use of the words "interest and income" before the word "share," does not alter the matter, for, were it necessary to fulfil the intent of the testator, they might be disregarded. But that by "interest and income" he really meant not only the products, but also the body of the share is obvious in this, that he makes the issue of such as may be dead co-legatees with the survivors of the interest and income of the share of the deceased. He thus puts the surviving. beneficiaries and the issue of such as may be dead in the same class, so that the estate which any one takes in the share thus falling to them, must be similar to that of any other. We presume, however, that it will hardly be contended, that the estate which the issue of the deceased child or children would have taken, had there been any such, would have been other than absolute, and of the body of the bequest. Again, the testator directed that that part of his estate which he intended for Joseph, Hannah and Sarah, should be divided into three distinct and equal shares, and one allotted to each, to be enjoyed by him or her severally for life and then over to his or her child or children; therefore, when he directs that, in case either should die, without leaving surviving issue, the interest and income of his or her share shall be divided among the survivors, where are the words of qualification to be found, designed to restrain the extent and duration of such interest and income? But if there be no such words, then the gift is of the produce of the fund in perpetuity, and hence a gift of the fund itself: Hellman *v.* Hellman, 4 Rawle 450. We cannot, therefore, agree with the learned judge of the Orphans' Court, that Joel C. Hilsee died intestate as to the body of either of said shares.

> And now, January 29th 1877, it is ordered, adjudged and decreed that the decree of the Orphans' Court be reversed and set aside; that the costs of this appeal be paid out of moneys of the estate of Joel C. Hilsee in the hands of the executor, appellant; that the fund for distribution, after payment of said costs and reasonable expenses of said executor, accountant, be divided and paid out as follows, viz.: one-sixth part thereof to the administrator of the estate of Joseph T. Hilsee; three-sixths parts thereof to the administrator of the estate of Hannah R. Kaufman, and the remaining two-sixths to Leon Kaufman.