## Estate of W. J. H. Bruch, deceased.    Appeal of Elizabeth Knecht.

*Wills—Legacies—Restraint upon marriage.*

A bequest of the income of $5,000 to Elizabeth Hamlin "so long as she remains single bearing the name of Elizabeth Hamlin," is not upon a condition in restraint of marriage, but merely on a limitation as to time; and if the legatee marries, her right to the income ends.

*Trusts and trustees—Execution of trust—Bequest of interest—Limitation —Remainder.*

Where a trust is unnecessary to protect any interest in remainder, the estate is executed by the statute in the remainderman.

A bequest of the interest of the fund without limitation is a bequest of the fund itself.

Testator directed as follows: "I bequeath five thousand dollars to Elizabeth Hamlin, that is the yearly income as long as she remains single bearing the name of Elizebeth Hamlin and after her death to go to the 'Sematary' fund to keep my 'graven' in repair." *Held,* that upon the marriage of Elizabeth Hamlin, the principal sum of $5,000 vested immediately in the cemetery fund.

Argued March 9, 1898. Appeal, No. 436, Jan. T., 1897, by Elizabeth Knecht, from decree of O. C. Northampton Co., dismissing exceptions to adjudication. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Exceptions to adjudication.

From the report of William Beidelman, Esq., auditor, it appeared that W. J. H. Bruch executed a codicil to his will which read as follows:

"Codicil to will I bequeath Five Thousand Dollars that is the yearly income as long as she remains single bearing the name of Elizebeth Hamlin and after her death to go to 'Sematary' fund to keep my 'graven' in repair. My Executors will have no right to have any claim on any property that I gave to the said Elizabeth Hamlin outside of the five thousand dollars I am satisfied with my previous will this being only codicil to my will."

Elizabeth Hamlin married Evan Knecht on January 29, 1896. Before the auditor, the cemetery company claimed the fund, upon the marriage of Elizabeth Hamlin. Elizabeth Hamlin claimed

that the interest upon the fund continued to her until her death. The auditor awarded the fund to the cemetery company.

Exceptions to the auditor's report were dismissed by the court, in an opinion by SCOTT, J.

*Error assigned* was in awarding the fund to the cemetery company.

*H. J. Steele*, with him *F. H. Lehr*, for appellant.—No Pennsylvania case has been found, involving the construction of a similar clause. The case most nearly resembling it is Bird v. Hunsdon, 2 Swanston's Ch. Rep. 342.

It should not be and never is presumed that a testator intended to die intestate as to any part of the estate, if a contrary intention can be fairly deduced from the language of his will: Reimer's Est., 159 Pa. 212; Westcott v. Cady, 5 Johns. Ch. 348; Parsons v. Winslow, 6 Mass. 180; Stroud v. Bailey, 3 Grant, 310; McIlvaine v. Gethen, 3 Wharton, 575; Bondbright's App., 9 W. N. C. 475; Rishton v. Cobb, 5 Mylne & Craig, * 145.

*O. H. Meyers*, for appellee.—The following cases clearly show the distinction between a bequest on condition and a conditional limitation: Hotz's Est., 38 Pa. 422; Bennett v. Robinson, 10 Watts, 348; Stahl's App., 2 Pa. 301; Middleton v. Rice, 6 P. L. J. 229.

When Elizabeth Hamlin married, the bequest to her being a conditional limitation, she had no longer any interest in the fund.

A bequest during celibacy is good, for the purpose of intermediate maintenance, and will not be interpreted maliciously to a charge of restraining marriage. This is not a subtlety of our law only, the civil law makes the same distinction. And no gift over is required to make a restriction in this form effectual: 2 Jarman on Wills (5th ed.), 566; Heath v. Lewis, 3 DeGex, M. & G. 953; Webb v. Grace, 2 Phillips, 701; Hoopes v. Dundas, 10 Pa. 77; Rishton v. Cobb, 5 Mylne & Craig, * 145.

Testator no doubt thought he was doing a great kindness to Elizabeth Hamlin by giving her the annual interest of $5,000, which would be $300 annually during the limited period fully

and clearly expressed, and that Elizabeth Hamlin would feel the same way, and with the fond belief that she would remain single and bear her name, the word "death" alone was inadvertently used instead of the words "death or marriage." That in the same breath having in his mind that the gift should end when she ceased "to be single and not bearing the name of Elizabeth Hamlin," he should have intended that it should not cease until her death, is so repugnant to every rule of common-sense that the solution of it is, that he used only the words "after her death," and inadvertently or by mistake omitted the words "or marriage."

It is an established rule that words in a will may be supplied in order to effectuate the testator's intention as collected from the context: 1 Redfield on Wills, 454; McKeehan, etc., v. Wilson, 53 Pa. 74; Roper on Legacies, 1439; Simpson v. Smith, 1 Sneed (Tenn), 394; Kilpatrick v. Kilpatrick, 13 Ves. 476; Graham v. Graham, 5 P. L. J. 77; Purnell v. Dudley, 4 Jones's Eq. 203; Mellish v. Mellish, 4 Ves. Jr. 49; Chrystie v. Phyfe, 19 N. Y. 344; Parks v. Parks, 9 Paige, Chan. 107; Covenhoven v. Shuler, 2 Paige, Chan. 122.

The general intention of the testator in his will must govern. Where the general intention is clear, it must prevail over some particular or special intention. Where it is clear that the testator did not express his intention, the court will supply the proper words to carry the intention into effect: Redfern v. Redfern, Law Rep's. 6 Ch. Div. 136; Leach v. Micklen, 6 East, 486.

PER CURIAM, March 21, 1898:

It is perfectly clear, and is established by numerous authorities, that the bequest in favor of Elizabeth Hamlin was not upon a condition in restraint of marriage. She was to enjoy the income of $5,000 so long as she remained single and bore the name of Elizabeth Hamlin. When she ceased to be single and to bear the name of Elizabeth Hamlin her right to the income was simply ended. The words of the bequest were merely a limitation of the time of enjoyment. Hotz's Est., 38 Pa. 422, is precisely in point and rules this question. Many other cases cited in the appellee's argument are in the same line. The other question as to the vesting of the principal is equally free

from doubt. The "cemetery fund" was well defined in the will and there was no uncertainty as to its import. By the express terms of the codicil that fund was to be increased by the principal fund of $5,000 after the death of Elizabeth Hamlin. There was no other use to which this sum was to be put in any event. The use of the income of this identical fund having terminated by the marriage of Elizabeth Hamlin, and the only limitation over being to the cemetery fund, there is no other right either to the income or the principal than the right of the cemetery fund. It is clear the appellant cannot have the income, but the income is a certain incident of the principal, and necessarily goes with it. There is no possible reason for delaying the vesting of the principal in possession at the moment the right of the donee of the income ceases. It is somewhat like the line of cases in which where there is a gift of the income to one and no gift over of the principal, we hold that the legatee of the income takes also the principal. A bequest of the interest of a fund without limitation is a bequest of the fund itself: Garret v. Rex, 6 W. 14; Campbell v. Gilbert, 6 Whart. 72; Van Rensselaer v. Dunkin, 24 Pa. 252; Insurance Co.'s Appeal, 83 Pa. 312; Millard's Appeal, 87 Pa. 457. Here there is a limitation over of the principal of the fund, there is no person to take the income after the marriage of the legatee of the income, the succeeding income is a necessary incident to the principal and hence passes with the principal, and there being no object to subserve by postponing the reception of the principal it becomes due at once.

Where a trust is unnecessary to protect any interest in re mainder, the estate is executed by the statute in the remainderman: Bradley's Appeal, 36 Leg. Int. 38; McAleer's Appeal, 99 Pa. 139. The latter case in its facts is quite analogous to the present.

Judgment affirmed.