Armstrong Estate.

Argued March 23, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Vincent R. Smith,* with him *Marquis M. Smith,* for appellant.

*Vincent E. Williams,* with him *Portser, Gregg & McConnell,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 20, 1943:

The question upon this appeal is whether a bequest of an entire estate is a residuary clause within the meaning of Section 15 (c) of the Wills Act of June 7, 1917, P. L. 403, 20 PS, Section 253.

This decedent, Elizabeth F. Armstrong, was one of four daughters of John A. Armstrong. By his will, he

left the substantial part of his estate to his daughters, to the exclusion of his son, Frank S. Armstrong, Sr. The son later died intestate leaving a son, Frank S. Armstrong, Jr., as his sole heir. Of the four daughters, three died during the lifetime of this decedent, unmarried and without issue, and leaving identical wills. Catherine died first in 1917, leaving her entire estate to her three sisters, Belle, Elizabeth and Kezia. Kezia died next, in 1931, devising her entire estate to her three sisters, Belle, Elizabeth and Catherine. (It is to be noted that Catherine predeceased Kezia.) Belle died in 1935, devising her estate to Catherine, Kezia and Elizabeth. (It is to be noted that Catherine and Kezia had both predeceased Belle.) None of these wills contained a clause designated as residuary, nor made any provision for the payment of other legacies or debts. Elizabeth, by her will, bequeathed her nephew, Frank S. Armstrong, Jr., the sum of $1,000, and disposed of the residue of her estate in a manner immaterial to the present litigation.

At the audit of this estate, by petition, the nephew contended that Kezia had died intestate as to one-third of her estate because of the death of her sister, Catherine, during Kezia's lifetime, and that Belle likewise had died intestate as to two-thirds of her estate because of the deaths of her sisters, Catherine and Kezia, during Belle's lifetime. The auditing judge ruled that the bequests of the entire estates in the wills of Kezia and Belle were residuary clauses and that therefore neither died intestate as to any portion of her estate, because of the death in her lifetime of any of the named beneficiaries, but that the whole passed to the surviving devisees or legatees. It was ruled that Elizabeth, this decedent, became seised, by devolution, of both estates, and that the nephew had no interest therein.

While the questions herein involved would ordinarily be decided in the estates where such intestacy was claimed, it appears that the source of all estates was

from the father, and that the fund before the court for distribution represents, *inter alia,* proceeds from the sale of the father's real estate. There has been no administration of the estates of Catherine, Kezia and Belle. The petition by the nephew may be regarded as in the nature of a petition for a declaratory judgment, and, in the peculiar circumstances of this case, especially since no party objects, we will not disturb the procedure.

We think that the case was correctly decided by the court below. It is well settled that where a testator manifests an intent to dispose of everything not otherwise disposed of by the will, the dispositive clause is regarded as residuary; no technical mode of expression is necessary: *Haak's Est.,* 342 Pa. 93; *Bricker's Est.,* 335 Pa. 300. In the three wills now before us for construction, the entire estates of the sisters were disposed of without any other dispositions whatsoever. While there appears to be no decision of our appellate courts upon facts exactly similar to those now under consideration, the identical situation arose in *Adams's Estate,* 11 D. & C. 644, where Judge GEST wrote the opinion of the court. No better answer to the appellant's contention can be made than the words of that eminent orphans' court jurist (p. 645): "The learned counsel for the exceptants argued that because the entire estate of the testatrix, who died without issue, was given by her to her nephew, James, and her niece, Catharine, there was no 'residuary clause' within the meaning of section 15 (c) of the Wills Act of 1917, and, therefore, the testatrix died intestate with respect to the share of her nephew, James, who predeceased her without issue. This would be a very narrow and literal construction of the act, and tempts us to quote the maxim *qui haeret in litera haeret in cortice,* for the residue of a testator's estate includes all that he has not otherwise effectively given, Willard's Estate, 68 Pa. 327; Wood's Estate, 13 Dist. R. 195, 209 Pa. 16, and if nothing else is given,

the residue means the whole estate after the payment of debts and expenses.

"It is conceded that if the testatrix had directed the payment of debts and funeral expenses, as appeared in *Keyser's Estate,* 1 D. & C. 403, or if she had given even a dollar to some favored legatee, the gift in this will would be residuary, which distinction would result in a practical *reductio ad absurdum,* like the argument advanced in *Flower's Estate,* 30 Dist. R. 967, that when a widow was given nothing in her husband's will, the twenty-third section of the Wills Act of 1917, relating to the time of an election by a surviving widow, did not apply, because being given nothing by the will, she could not be required to elect against it within the prescribed time, *Minnich's Estate,* 288 Pa. 354. As the Supreme Court said in *Cunningham's Estate,* 137 Pa. 621, on the same subject, the law does not sanction such an illusory distinction.

"This section of the Wills Act is distinctively remedial. Its purpose was to abolish that common-law rule as to lapse, which was criticised by the Supreme Court in *Gray's Estate,* 147 Pa. 67, and thus prevent a lapse where it was apparent that the testatrix intended not to give the next of kin any interest in her estate. The statute should receive a liberal construction whenever the evil appears which it was obviously intended to prevent. The letter killeth, but the spirit giveth life."

As we decide that these are residuary bequests, there can be no question, under all of the cases, that Elizabeth, this decedent, as the "other residuary devisee and legatee", became possessed of the entire estate now accounted for: See *Morgan's Est,* 340 Pa. 465; *Mitchell's Est.,* 79 Pa. Superior Ct. 208.

The decree of the court below is affirmed. Costs to be paid by appellant.