## Suttner Estate.

Argued September 28, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Julius L. Schoenberg,* with him *John F. White,* for appellant.

*S. G. Alter,* for appellee, remainderman.

*Henry H. Hanna,* with him *Peter M. Lippert,* for appellee, accountant.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 22, 1943:

Appellant contends that the orphans' court erred in construing the will to mean that the widow possessed but a determinable life estate: see *Bruch's Estate,* 185 Pa. 194, 39 A. 813.

The words of the will are: "I give, devise and bequeath all my real, personal and mixed property . . . unto my . . . wife (appellant), as long as she remains my widow, and upon the death or re-marriage of my said widow the residue and remainder of my said estate shall be divided among my children, share and share alike. . . ." It is earnestly urged by appellant that testator's use of the words "residue and remainder" discloses a testamentary intent that the widow be given a life estate *with power to consume.* We find no justification for such implication. The words "residue and remainder" are technical legal terms with a well understood and definite meaning. They signify all that is left after the gifts specified or designated have been paid or satisfied: *Wood's Estate,* 209 Pa. 16, 57 A. 1103; *Carson's Estate,* 130 Pa. Superior Ct. 133, 196 A. 527. Technical words, or words of a definite meaning, are to be construed according to their legal or definite effect. However, if it is apparent that testator has misused them, or has given them a meaning different from their

fixed technical sense, effect must be given to the testator's intent, gathered from the writing as a whole: *Carroll v. Burns,* 108 Pa. 386; *Graham v. Abbott,* 208 Pa. 68, 57 A. 178; *Lippincott's Estate,* 276 Pa. 283, 120 A. 136; *Smith's Petition,* 291 Pa. 129, 139 A. 832. Counsel for appellant relies principally upon *Byrne's Estate,* 320 Pa. 513, 181 A. 500; *Brennan's Estate,* 324 Pa. 410, 188 A. 160, and *Houser v. Houser,* 268 Pa. 401, 112 A. 29. In each of them the life tenant was held to possess the power to consume. It will suffice to say that our examination of these cases reveals that the word "remainder" or "balance" was employed in a sense that clearly altered and enlarged the technical or customary meaning of the word. No language which this testator used can be regarded as changing, even remotely, the technical meaning of the term "residue and remainder".

Decree affirmed. Costs to be paid from the fund.