Slater Estate.

Argued March 22, 1954. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

reargument refused June 4, 1954.

*George R. Craig,* for appellant.

*Wayne Theophilus,* with him *Shoemaker & Eynon,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 24, 1954:

The appeal raises the question whether the words in the second item of the will dispose of a *residue of a residue* or indicate testator's intent to bequeath the residue *in its entirety.* The correct proportions of the amount of the lapsed legacy distributable to the other residuary legatees is also in issue.

Howard Morton Slater, the testator, died June 15, 1951. His beneficiaries were three first cousins: Mary Spratt Aber, a daughter of a sister of testator's mother, and Ralph Canon and Alice Canon, children of a sister of testator's father. The will provided for funeral arrangements and for the erection of a headstone. By the second item of the will testator bequeathed his entire estate to the three first cousins as follows: "I give, devise and bequeath TWO-THIRDS (2/3) of my estate, real, personal and mixed, of whatsoever nature and wheresoever situate, to my cousin, MRS. L. E. ABER of No. 19 Mackin Avenue, Ingram, Pennsylvania, her heirs and assigns forever, and the remaining ONE-THIRD (1/3) of my estate, real, personal and mixed, of whatsoever nature and wheresoever situate, I give, devise and bequeath, in equal shares, to my cousins, RALPH and ALICE CANON, of Jancey Street, Pittsburgh, Pennsylvania, their heirs and assigns forever."

Alice Canon, the beneficiary of such one-sixth of testator's estate, predeceased testator on January 5, 1947. Her legacy, in consequence, lapsed. Mary Spratt Aber and Ralph Canon survived testator.

At the audit of the account of the executor, Ralph Canon claimed that he was entitled to the entire lapsed one-sixth share. Mary Spratt Aber contended that, being the beneficiary of two-thirds of testator's residuary estate, she was entitled to four-fifths of the one-sixth lapsed legacy. The auditing judge ruled, contrary to both contentions, that no residuary estate existed. He decreed that Alice Canon's lapsed one-sixth share passed under the intestate law. Both legatees filed exceptions. Upon argument the court in banc sustained the exceptions of Ralph Canon. It was decreed that the portion of Item II reading: ". . . and the remaining ONE-THIRD (1/3) . . . I give, devise and bequeath, in equal shares, to [named cousins] . . ." constituted the residuary clause and that ". . .[t]he entire one-third of the above estate should, therefore, be distributed to Ralph Canon."

We are all of opinion that not only is such interpretation incorrect, but that the proportional distribution of the residue is likewise erroneous.

This Court in *Armstrong Estate,* 347 Pa. 23, 31 A. 2d 528, adopting and quoting from the opinion of the late judge GEST in *Adam's Estate,* 11 D. & C. 644, decided that the residue of an estate is all that is left after devises and legacies have been paid or satisfied. At p. 25 it is stated: ". . . where a testator manifests an intent to dispose of everything not otherwise disposed of by the will, the dispositive clause is regarded as residuary; . . ." See also *Bricker's Estate,* 335 Pa. 300, 6 A. 2d 905; *Suttner Estate,* 348 Pa. 159, 34 A. 2d 483; *Yeisley Estate,* 358 Pa. 200, 56 A. 2d 205.

The second item of the will being clearly residuary, the question is posed whether or not testator, in disposing of two-thirds of the residue, intended the remaining one-third as his *ultimate* residuary disposition. In other words, did he intend such latter provision as a "residue of a residue". The learned court below so regarded it. With this construction we do not agree. A testator, in disposing of his residuary estate, may carve therefrom portions of the residue and devise and bequeath such portions to designated persons or uses, and then pass *that which remains* to others. This is a typical situation of a "residue of a residue". The facts in *Carson's Estate,* 130 Pa. Superior Ct. 133, 196 A. 527, illustrate such a situation. But, in the present case testator was manifestly disposing of his *entire* residuary estate. For reasons now resting with testator he favored one cousin over his two other cousins which was his privilege. In disposing of his *entire* residue there is no reason why he could not do so in the designated fractional shares. In *Carson's Estate,* supra, had the specific gift exhausted the residuary estate, nothing would remain for distributees of the "residue of the residue". In the instant case the named fractions necessarily relate to the *entire* residue.

We then come to the question of distribution of the one-sixth lapsed share *of the residuary estate.* It was the early rule that "every legacy implies a condition that the legatee shall survive the testator, and that where the legatee dies in the lifetime of the testator the legacy lapses": SERGEANT, J. in *Comfort v. Mather,* 2 W. & S. 450, 453; *Berger Estate,* 360 Pa. 366, 371, 61 A. 2d 855; *McFerren Estate,* 365 Pa. 490, 76 A. 2d 759. The Legislature from time to time enacted various statutes, unnecessary here to recite, saving legacies to children, other lineal descendants, brothers and sisters and their issue. At common law

a lapsed *devise* descended to the heir while a lapsed *bequest* fell into the residue: *Massey's Appeal*, 88 Pa. 470. In the various wills acts culminating in the Wills Act of April 24, 1947, P. L. 89, Section 14 (9), 20 PS 180.14 (9), it is provided that lapsed or void *devises* and *bequests* shall be included in the residue. Under Section 14 (10) of the Wills Act of 1947, supra, disposition of lapsed or void devises or bequests is made. This Section of the Act reads: ". . . When a devise or bequest . . . shall be included in a residuary clause of the will . . ., it shall pass to the other residuary devisees or legatees, if any there be, *in proportion to their respective shares or interests in the residue.*" (Italics supplied)

The amount of the lapsed legacy of one-sixth of the residuary estate must therefore be distributed to the other residuary legatees *"in proportion to their respective shares or interest in the residue"*.

The lapsed share of Alice Canon, being one-half of one-third, amounted to one-sixth of the residue. Mary Spratt Aber's original share was two-thirds of the residue or four-sixths thereof. Ralph Canon's original share, being similar to that of his deceased sister, was one-sixth. It follows that the proportion of interest between Mary and Ralph was four-fifths to one-fifth. As Alice's one-sixth share is to be proportionately divided between Mary and Ralph the correct proportional division between the remaining residuary legatee is therefore:

*Mary Spratt Aber*

| | |
|---|---|
| Original 2/3 share | 10/15 |
| 4/5 of lapsed 1/6 share | 2/15 |
| | 12/15 equals 4/5 |

*Ralph Canon*
Original 1/6 share      5/30
1/5 of lapsed 1/6 share      1/30
___
6/30 equals 1/5

Mary Spratt Aber should therefore receive four-fifths and Ralph Canon one-fifth of the residue.

The appeal is sustained, the decree reversed and a definitive decree of distribution is directed to be made in accordance with this opinion. Costs to be paid out of the corpus of the estate.