### Nicholasen Estate

*William Steckel,* for accountant.

*Gerald Roth,* for exceptant.

FRANCIOSA, J., February 6, 1973.—Before us is the first and final account of LaRue P. Mengel, Administratrix, d.b.n.c.t.a.,[1] of the Estate of Emma L. Nicholasen, deceased. The account has been confronted by objections filed on behalf of three exceptants.

The problem presented revolves around the construction of the will of Emma L. Nicholasen, who died

---

[1] Testatrix appointed her brother, Harvey Abraham Mack, as her executor; he died while the administration of her estate was pending. On May 19, 1971, LaRue P. Mengel was granted letters as administratrix de bonis non cum testamento annexo.

on October 26, 1968. The question is whether the will provides for the disposition of her entire estate, or whether there is a partial intestacy.

To understand the issues raised, it is necessary to quote three paragraphs of the will. They are:

"THIRD: The real estate in which I reside in the Borough of Walnutport shall be sold by my executor at public or private sale and the money placed in trust with my hereinafter named Trustee. The said Trustee shall pay from such proceeds, investing so much thereof as it deems advisable, the sum of Fifty dollars ($50.00) a month out of the principle [sic] and interest until the said fund shall be exhausted, to my brother, Harvey Abraham Mack. If, however, the beneficiary of the trust shall die before the fund is exhausted, the Trust shall terminate and be distributed as the residue of my estate described below.

"FOURTH: All the rest, residue and remainder of my estate, both real and personal, wherever situate, after conversion into cash, including several mortgages which I now hold which I do not desire to have converted into cash, I give, devise and bequeath to the Merchants National Bank and Trust Company which I name and constitute as Trustee of this fund as well as the fund designated above, IN TRUST NEVERTHELESS, to pay the sum of One hundred dollars ($100.00) a month from interest and principle, [sic] if the said interest be not sufficient therefor, to my brother, Harvey Abraham Mack. In the event, however, that the Trustee deem it necessary to advance to my brother, for his maintenance and care, should he become ill or in need, the Trustee may, in its discretion, advance the sums necessary from principle [sic] and interest for such medical care and maintenance in excess of above sum.

"FIFTH: In the event that my brother, Harvey Abraham Mack predeceases me, then the paragraphs creating the Trusts shall not be operative and the entire estate shall be sold and converted into cash by my executor and distributed one-half to my sister, Elsie L. German or her lineal descendants, and one-half to my sister, Ellen J. Pangburn, or her lineal descendants."

Since testatrix was survived by Harvey Abraham Mack, the trusts created by the third and fourth paragraphs of her will became operative. However, on December 31, 1970, Harvey Mack died. The payments made to him as life beneficiary did not exhaust the funds being held in trust. In order to terminate its duties as trustee, the National Bank of Allentown filed an account dated June 3, 1971. That account was confirmed by this court; and distribution of the remainder of the fund was awarded to LaRue P. Mengel as administratrix of Emma L. Nicholasen's Estate.

Thereafter, on June 28, 1972, the administratrix filed her first and final account. Her proposed schedule of distribution shows that a balance of $5,467.39 remains from the fund which the trustee transferred to the estate. The administratrix seeks our approval to award one-half of the balance to Elsie German, a surviving sister of decedent, and one-half to the children of Ellen Pangburn, a deceased sister. This proposed distribution requires us to consider three interpretations of Emma Nicholasen's will.

We turn first to administratrix' interpretation of the will. At item 20 of her account, she offers the following explanation:

"20. . . . In the third and fourth paragraphs, trusts are created with the provision in paragraph five that if the beneficiary of the trust should predecease the

testator, the residue should be distributed to the same two sisters.

"The trusts, however, did become operative, and the life tenant beneficiary of the trust died before the fund was exhausted. Your accountant proposed to distribute the residue to the two sisters named as residuary heirs or remaindermen in paragraph five and two as the expressed intention of the testator and as the testimony of the scrivener reveals the intention of the testator to have been. All known heirs who would be entitled to take by intestacy, have been informed of the filing of this account. All others matters concerning the estate have been disposed of, save the distribution of the remainder of the trust fund described in the account."

In rejecting the administratrix' position, we are doing nothing more than giving testatrix' words their ordinary and normal significance. There is no reason to apply canons of construction, since the language is clear. With respect to the corpus of the testamentary trusts, testatrix has clearly stated that in the event her brother, Harvey Abraham Mack, predeceased her, then Elsie L. German and Ellen J. Pangburn should take the entire estate. This event did not happen. Hence, paragraph "Fifth" cannot control disposition of the trust remains.

But, argues the administratrix, this brings about a partial intestacy. That we cannot help, for it is not within the power of the court to insert in a will a substantive disposition of testatrix' property. The presumption against intestacy cannot be permitted to defeat the intention of testatrix when it is so clear as to be beyond reasonable doubt: Verner Estate, 358 Pa. 280, 56 A. 2d 667.

In Horn Estate, 4 Fiduc. Rep. 65, testatrix created

a testamentary trust which failed to provide for disposition of principal after the death of the life beneficiary. We are in consonance with what Judge Gearhart, the writer of the opinion, stated:

"For some reason, whether it was intentional or otherwise, the testatrix has failed to dispose of the corpus after the death of her daughter, Mary H. Koch, if Mary H. Koch survived her, which she did. Aside from the presumptions to which we have heretofore referred, the Claimant is unable to point to a single portion of the will which would reasonably indicate that it was the intention of testatrix that the Claimant should take the share which was allotted to her mother for life. This presumptive intention to avoid an intestacy is never a sufficient reason for implying a gift, for as was said in Grothe's Estate,[2] supra, page 191, 'If it was, no intestacy would ever occur.

". . . for it is not within the power of the Courts to insert in a will a substantive disposition of testatrix' property, which the latter herself, whether by design or inadvertence, failed to make.

". . . we are not at liberty to supply words to cover a situation or contingency which actually happened, but for which testatrix has not provided. It has been held again and again that where these conditions obtain, i.e., where a testator fails to make provisions for a contingency which actually happens, a decree of intestacy is unavoidable: (citing cases)."

Similarly, our disinclination to make a substantive disposition of testatrix' property which she, whether by design or inadvertence, failed to make, causes us to refuse a second interpretation advanced by except-

---

[2] Grothe's Estate can be found at 229 Pa. 186, 78 Atl. 88.

ant, Virginia Steigerwalt. She urges us to find that the Fourth paragraph of the will created an absolute bequest of the corpus to her father, Harvey Abraham Mack. However, we are not at liberty to ignore words which unequivocally limit her father's status to that of a life beneficiary. Nor is her father's status elevated because the trustee was vested with discretion to distribute principal. A grant of such discretion does not convert testatrix' words into an absolute bequest in favor of the life beneficiary: Lochrie's Estate, 340 Pa. 145, 16 A. 2d 133. It is well settled, of course, that one claiming through a life beneficiary of a trust does not acquire rights if the beneficiary himself has no rights in the corpus: Lochrie's Estate, supra.

In the light of the foregoing discussion, it is apparent that we must fall back on a third interpretation. Thus, we agree with the contention of exceptants Wanamaker and Schlosser[3] that a declaration of intestacy is unavoidable.

Under the Wills Act of 1947, section 14(10), 20 PS §180.14,[4] the undisposed corpus of a testamentary trust becomes part of the residuary estate. While no technical mode of expression is necessary, a residuary clause should dispose of the entire estate. See Slater Estate, 377 Pa. 285, 105 A. 2d 59; also, Armstrong Estate, 347 Pa. 23, 31 A. 2d 528. As was stated in Lockhart Estate, 26 D. & C. 2d 701, at page 707:

"It is a catch all; a rhetorical device whereby the testator provides presently for the ultimate disposition of his entire estate. Its taking effect depends not on the performance of certain conditions, but rather

---

[3] They are nieces of Emma L. Nicholasen; in the event of an intestacy they would share in the distribution of her estate.

[4] Now section 2514(10) of the Probate, Estates and Fiduciaries Code, 20 Purdon's Pennsylvania Statutes Annotated.

on the nonoccurrence of any or all conditions, whether specified or inferred. If the clause's effectiveness depends on a condition, and the will provides no alternative disposition upon the nonperformance of the condition, then failure of the condition must inevitably result in an intestacy. In such circumstances, that which the testator may have designated a residuary clause, turns out to be no residuary clause at all."

Accordingly, we now rule that with regard to the fund before us, there was an intestacy, and we enter the following

## DECREE NISI

And now, February 6, 1973, the objections of Martha S. Wanamaker and Arlene Schlosser to the first and final account of LaRue P. Mengel, Administratrix d.b.n.c.t.a., of the Estate of Emma L. Nicholasen, deceased, are sustained.

Item 20 of the administratrix' account is hereby stricken off, and she is directed to file an amended schedule of distribution awarding the remainder of the trust fund described in the account to the heirs-at-law of Emma L. Nicholasen, deceased.

The objections of the exceptant, Virginia Steigerwalt, are denied and dismissed.

Unless exceptions hereto are filed within 10 days from the date hereof, the Clerk of the Orphans' Court Division of the Court of Common Pleas of Northampton County is directed to enter this decree as a final decree.