# Wolf Estate

*Judd N. Poffinberger,* for Western Pa. Humane Society.

*Henry O. Heiser, III,* for Lutheran Theological Seminary.

*Louis Vaira,* for executor.

*John Sughrue,* for William E. Burgan, heir.

*William C. O'Toole,* for Commonwealth.

RAHAUSER, *J.,* June 18, 1974—Hughanna B. Wolf died April 7, 1972, testate, and a resident of Allegheny County, Pennsylvania. Her will, dated March 16, 1972, was probated and letters testamentary were issued to the Union National Bank of Pittsburgh on April 11, 1972.

William E. Burgan, her only intestate heir, caused a citation for modification of the will to be issued on June 28, 1972, alleging that the testatrix executed her will within 30 days of death and that

the gifts to charity were invalid under section 7(1) of the Wills Act of 1947 as amended by the Act of April 22, 1970, P.L. 305, sec. 1, 20 PS §180.7(1). Petitioner prayed that executor should show cause why the bequests in the residuary clause of decedent's will should not be awarded to him.

The executor filed an answer to the petition wherein he set forth a will of April 18, 1969 where the provisions were substantially the same as the provisions of the will of March 16, 1972.

Article VI of the will dated March 16, 1972 provides as follows:

"Article VI: All the rest and remainder of my estate, together with any unused or unconsumed funds, shall be divided into three (3) equal shares and distributed in the following manner:

"1. One such share shall be distributed outright and free of all trusts to the Lutheran Theological Seminary of the General Synod of the United Lutheran Church in America, located in Gettysburg, Pennsylvania, to be used in the maintenance and general operation of the Robbin B. Wolf Reading Room and Library Endowment Fund.

"2. One such share shall be distributed to the Western Pennsylvania Humane Society, Pittsburgh, Pennsylvania, or its successor, to be used to establish combination indoor-outdoor kennels in Allegheny County, Pennsylvania.

"3. One such share shall be distributed to Columbia Hospital, at Wilkinsburg, Pennsylvania, or its successor, to be used exclusively for children's care."

Paragraph seventh of decedent's will, dated April 18, 1969, has the following provisions:

"Seventh: All the rest and remainder of my es-

tate, together with any unused or unconsumed funds and the remainders from any of the life estates hereinbefore described shall be divided into three parts and distributed as follows:

"(1) One (1) part or thirty-three and one-third (33-1/3%) percent to the Lutheran Theological Seminary of the General Synod of the United Lutheran Church in America, its successors, presently located in Gettysburg, Pennsylvania, to be used for scholarship purposes and to be known as the 'Robbin B. Wolf Memorial Scholarship.'"

"(2) One (1) part or thirty-three and one-third (33-1/3%) percent to be distributed to my Trustee to hold, invest and reinvest and to distribute the annual net income in perpetuity therefrom to Western Pennsylvania Humane Society, Pittsburgh, Pennsylvania, which shall be used by the Society and devoted entirely to the animal clinic of said society to be used exclusively for dogs and cats.

"(3) One (1) part or thirty-three and one-third (33-1/3%) percent to be distributed to my Trustee, which shall hold, invest and reinvest the same and distribute the annual income therefrom to the Auxiliary Board of Columbia Hospital, at Wilkinsburg, Pennsylvania, (of which I was a member for many years) for work in the children's ward."

The matter came before the court for hearing. The court ruled that the issues were to be determined at audit. Accordingly, at the audit of the estate before the Honorable Judge Robert Van der Voort on November 21, 1973, the parties stipulated that the bequest to Columbia Hospital in the will of April 18, 1969, was substantially the same as the bequest to Columbia Hospital in the will dated March 16, 1972. Accordingly, the court issued a decree dated January 17, 1974, decreeing

$91,387.43 as the share of Columbia Hospital, now Forbes Hospital System, to that institution. There were no exceptions taken to that decree.

On May 6, 1974, Western Pennsylvania Humane Society and the Lutheran Theological Seminary presented a motion to this court to dismiss the petition and citation for modification of the will of March 16, 1972 that had issued on June 28, 1972.

The court must now dispose of that motion. It should be noted that a hearing was set for said motion for June 10, 1974 at 1:30 p.m., at which time all the parties presented their respective arguments in the matter before the court.

Counsel for the Western Pennsylvania Humane Society and counsel for the Lutheran Theological Seminary in Gettysburg both contended petitioner, William E. Burgan, the sole intestate heir of decedent, had no standing in this court. Their contention was to the effect that the admitted validity of the gift in the residuary clause to the Columbia Hospital rendered William E. Burgan a non-interested party, because, since the adoption of the Wills Act of 1917, a void bequest in the residuary clause of a will passes to the other residuary legatees in proportion to their respective shares or interests in the residue.

The court is of the opinion that Denney Est., 7 Fiduc. Rep. 610 (1957), is applicable here. There Judge Boyle of this court said:

"Under the common law the heirs and next of kin took a residuary gift which failed but statutes have changed the former rule which has been held not to be in accord with testator's intent: Armstrong Est., 347 Pa. 23, 26; Morgan's Est., 340 Pa. 465, 466; Shiffert Est., 32 Northam. 282, 284. The reason for the change in the rule is well expressed by the late President Judge John Marshall Gest of the Or-

phans' Court of Philadelphia County in the case of Adam's Estate, 11 D. & C. 644, 645, which involved a question arising under Section 15(c) of the Wills Act of 1917 which is now replaced by Section 14(10) of the Wills Act of 1947. At page 645 Judge Gest wrote:

"This section of the Wills Act is distinctively remedial. Its purpose was to abolish that common-law rule as to lapse, which was criticized by the Supreme Court in Gray's Estate, 147 Pa. 67, and thus prevent a lapse where it was apparent that the testatrix intended not to give the next of kin any interest in her estate. The statute should receive a liberal construction whenever the evil appears which it was obviously intended to prevent. 'The letter killeth, but the spirit giveth life.'"

Section 14(10) of the Wills Act of April 24, 1947, P.L. 89, 20 PS §180.14, cited by Judge Boyle in Denney Estate, supra, reads as follows:

"(10) Lapsed and void devises and legacies,— Shares in residue. When a devise or bequest as described in clause (9) hereof shall be included in a residuary clause of the will and shall not be available to the issue of the devisee or legatee under the provisions of clause (8) hereof, and if the disposition shall not be otherwise expressly provided for by law, it shall pass to the other residuary devisees or legatees, if any there be, in proportion to their respective shares or interests in the residue."

So here, to the extent that any devise or bequest to the Western Pennsylvania Humane Society or Lutheran Theological Seminary might be void because it is contrary to law or otherwise incapable of taking effect, it would pass to the other residuary legatee, Columbia Hospital, and not by intestate succession.

The other section of the statute pertaining to the matter before the court is section 7(1) of the Wills Act of April 24, 1947, P.L. 89, as amended by the Act of April 22, 1970, P.L. 305, sec. 1, 20 PS §180.7(1), which reads as follows:

"Wills shall be modified upon the occurrence of any of the following circumstances, among others:

"(1) Death Within Thirty Days; Religious and Charitable Gifts. Any bequest or devise for religious or charitable purposes included in a will or codicil executed within thirty days of the death of the testator shall be invalid to the extent that someone who would benefit by its invalidity objects: Provided, That the Commonwealth shall not have the right so to object. *No such objection shall be valid unless it is in writing signed by the objector and unless a copy thereof shall be filed with the clerk of the court having jurisdiction within six months of the probate of the will.* Each person so objecting shall receive the share he would have received if the entire bequest or devise had been invalid and the balance, if any, of the bequest or devise shall be valid. The thirty-day period shall be so computed as to include the day on which the will or codicil is written and to exclude the day of death. Unless the testator directs otherwise, if such a will or codicil could revoke or supersede a prior will or codicil executed at least thirty days before the testator's death, and not theretofore revoked or superseded and the original of which can be produced in legible condition, and if each instrument shall contain an identical gift of substantially the same religious or charitable purpose, the gift in the later will or codicil shall not be subject to objection; *or if each instrument shall give for substantially the same religious or charitable purpose* a cash legacy or *a*

*share of the residuary estate* or a share of the same asset, payable immediately or subject to identical prior estates and conditions, *the later gift shall not be subject to objection to the extent to which it shall not exceed the prior gift. If a bequest or devise is revoked within thirty days of death and the revocation has the effect of increasing the religious or charitable bequest or devise, such increase shall not be considered a new or additional bequest or devise for religious or charitable purposes within the meaning of this act."* (Emphasis supplied.)

Clearly the said statute requires any objection to be filed within six months of the probate of the will if the objection is to be valid. No objection was filed to the bequest to Columbia Hospital, in fact, the parties stipulated at the audit that the bequest to it in the later will was substantially the same as in the earlier will, thus making the bequest to Columbia Hospital under the later will valid. It follows that since one bequest in the residuary clause was valid there could be no distribution under the Intestate Act. Consequently William E. Burgan, claiming only under the Intestate Act, would never be entitled to share in the estate of Hughanna B. Wolf, deceased.

The court is of the opinion that clearly, under the statute and the adjudicated cases, the motion to dismiss the petition to modify the will must be granted. The court is of the opinion that this case is governed by the opinion of the lower court in Prynn Estate, as explained in the opinion of the Supreme Court of Pennsylvania in Prynn Est., 455 Pa. 192, 196 (1974). There the court said:

"The orphans' court concluded that although the charitable bequests had been made within thirty

days of death, they were not invalid. The court held that sections 2514(10) and (11) of the Probate, Estates and Fiduciaries Code require that the challenged gifts, both specific and residuary, pass to the residuary beneficiaries and not to the heirs-at-law. The court could find no authority for decreeing a partial intestacy even if all residuary beneficiaries are charities taking 'new gifts.' Since section 2507(1) invalidates a bequest only 'to the extent that someone who would benefit by its invalidity objects,' and the heirs could not benefit, the court held all charitable bequests, specific and residuary, valid."

Sections 2514(10) and (11) of the Probate, Estates and Fiduciaries Code, cited in the foregoing quotation from Prynn Estate, supra, correspond to sections 14(9) and (10) of the Wills Act of 1947; section 14(10) is quoted previously herein. Section 2507(1) of the Probate, Estates and Fiduciaries Code corresponds to section 7(1) of the Wills Act of 1947 as amended by the Act of 1970, P.L. 305, sec. 1, as quoted previously herein.

On appeal, the Supreme Court of Pennsylvania adopted a different line of reasoning than that of the lower court in Prynn Est., supra, but it affirmed the decree of the lower court and in doing so used this pertinent language at page 197:

". . . If any specific bequest in the 1970 will were found invalid, nothing would prevent it from passing by the residuary clause. Accordingly, the heirs could in no circumstances benefit from the invalidity of any bequest provided by the 1970 will. *Since the heirs cannot benefit, they have no standing to object.*" (Emphasis supplied.)

In the instant case William E. Burgan, the intes-

tate heir of Hughanna B. Wolf, deceased, cannot benefit from the invalidity of any bequest under the last will of Hughanna B. Wolf, deceased. Accordingly, he has no standing to object to any legacy under the will and his petition and the citation thereon should be dismissed.

An order will be drawn in accordance with this opinion.