# Furness's Estate.

*Decedents' estates — General legacies — Distribution in kind— Valuation of securities—Time of appraisement—Act of June 7, 1917, P. L. 447, Fiduciaries Act.*

Where a testator bequeathed a pecuniary legacy to a trustee and further authorized the trustee to retain any investments he might have at the time of his death, and the trustee elects to take securities in lieu of cash, the latter must take them at their value at the time of the distribution.

The provisions of the Act of June 7, 1917, P. L. 447, making legacies payable at the end of six months from the death of the testator, have no application, because the legacy was in cash, and the action of the trustee in electing to retain the securities furnished no reason for taking them at their valuation six months subsequent to the death of the testator. The value of the securities at the time of distribution was the basis on which the amount was to be settled.

Argued November 19, 1923. Appeal, No. 252, Oct. T., 1923, by Lillian Landers McLaughlin, from decree of O. C. Delaware Co., Dec. T., 1921, No. 108, making distribution in the Estate of William Henry Furness, 3d.,

452, (1924).]   Statement of Facts—Opinion of the Court.

,deceased.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Exceptions to adjudication of HANNUM, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions.   Exceptant appealed.

*Error assigned* was the decree of the court.

*Charles Hunsicker,* and with him *W. Roger Fronefield* and *Albert L. Moise,* for appellant.—Where payment of legacies is taken in kind, the securities received or taken in payment are to be taken at their market value at the time when the legacy in question became due and payable: Keim's Est., 26 Pa. Dist. Reports 272; Hickling's Est., 27 Pa. Dist. Reports 652; Evans's Est., 50 Pa. C. C. Reports 241.

*Thomas Stokes,* and with him *Frederick H. Spotts,* for appellee.

OPINION BY TREXLER, J., February 29, 1924:

William Henry Furness in his last will inter alia provided as follows: "Sixth: I give and bequeath to the Land Title and Trust Company, Philadelphia, the sum of thirty thousand dollars ($30,000). In Trust Nevertheless for the following uses and purposes to wit: In Trust to hold the same and to invest and keep the same invested in such securities, not necessarily those known as legal securities, as in the exercise of cautious prudence the said trustee may deem most profitable and secure, and to pay over the net annual income therefrom arising, at least semi-annually, to Lillian Landers McLaughlin," etc.   The twelfth clause reads as follows: "I authorize and empower my executors and trustees to retain any investments which I may leave at the time

of my death or in their discretion to sell and convert the same, and to invest and reinvest the trust estate in such securities as to it or them shall seem proper, not confining them to what are known in Pennsylvania as legal investments, without liability for depreciation or loss by reason of the exercise of the discretion herein vested in them, or for any cause other than negligence."

William Henry Furness died August 11, 1920. His will was probated December 2, 1921. The first and final account was filed in the office of the register of wills February 28, 1922. A schedule of distribution was approved June 19, 1922, and in said schedule $30,000 was awarded to appellant's trustee in bonds and stocks and a small amount of cash to fill this amount, the value of the stocks and bonds being appraised at market May 1, 1922. The appellant, who is the cestui que trust, presented a petition for review November 27, 1922, claiming that under the sixth article of the will, the bonds and stocks should have been given to her trustee at their value as of February 11, 1921, which date is six months subsequent to the date of testator's death, basing her claim on section 21 of the Fiduciary Act of June 7, 1917, P. L. 447, (488) which provides: "Legacies, if no time be limited by the will for the payment thereof, shall in all cases be deemed to be due and payable at the expiration of six months from the death of the testator." etc. The lower court dismissed the petition. We note that in the above section, although the legacy is due and payable six months from the death of the testator, it bears no interest until after the expiration of one year after the death, and that there is, therefore, evidently a leeway between six months and one year in which the executor may file his account. There is no penalty, by way of interest, attached to his delay in not paying a legacy until the year is up unless he files his account or is required to file it prior to the expiration of one year. Section 49, Act of 1917, supra. If this legacy had been specific, the position of the appellant might be correct,

but the legacy was in cash and the reason why it was not taken in cash was that in the twelfth clause of testator's will, above set forth, he provided that his executors and trustees (there was but one) could retain any investments which he left at the time of his death. The clause is ambiguous, but we may infer that the reference to the trust estate probably indicates that the retention of the investments should be for the purposes of the trust estate created by the sixth section of his will, and although the executors as such had nothing to do with the trust estate, one of their number was the trustee. The natural conclusion to be drawn from this was that when the assets of the estate were to be distributed, the trustee could then take securities in lieu of the $30,000 cash which he was entitled to. It does not appear that they were specifically set apart for the purposes of the trust, nor that the executor and trustee had made any arrangement in this respect. Their value at the time of distribution was the basis upon which the amount was to be settled. This has been the practice in a number of our courts, and, no doubt, occasioned the reappraisement in the case before us. See Evans's Est., 30 Pa. District Report 253. The trustee chose not to take the amount bequeathed to him in trust in cash, but when the estate was settled he took it in bonds. It can hardly be said that he, alone, had the option to do so, but, as we have stated, he could agree with the other representative of the decedent to adopt this method. The will seems to recognize their acting jointly. The court could direct a distribution in kind under section 49E1, Act of 1917, supra. We see no plausible reason why the transaction of taking the bequest in bonds and stocks should have relation back to a date six months after the death of the decedent.

The decree of the orphans' court is affirmed. Costs to be paid by the appellant.