## Batroff Estate

*M. Paul Smith,* of *Smith, Cahall & Aker,* and *Raymond B. Reinl,* of *Nesbit, Morris Noonan & Reinl,* for exceptants.

*Desmond J. McTighe,* of *Duffy, McTighe & McElhone,* contra.

TAXIS, P. J., July 3, 1963.—In an adjudication dated April 16, 1963, this court awarded a one-third interest in decedent's estate, which passed by the exercise of a testamentary power of appointment which he gave to his wife, free of death or inheritance taxes. Two exceptions to this award have been filed by Jefferson Medical College, beneficiary of the share in the estate from which the said taxes will be paid under this holding.

The following provisions from the will of decedent are pertinent:

"SECOND: . . . (a) My Trustees shall pay over, transfer and convey one-third part of the capital or principal of said Trust unto such person or persons and in such manner, shares and proportions and for such estate or estates or upon such trusts as my wife may by her last Will and Testament direct, limit and appoint, . . .

" (f) My Trustees shall continue to hold and retain the balance or remainder of the capital or principal of said Trust, and invest, reinvest and keep the same invested, . . .

"FIFTH (actually SIXTH) : I direct that all estate tax, inheritance tax, succession tax, transfer tax, or any other tax in the nature of any thereof which may be chargeable upon my estate or any portion thereof, or upon any bequest, trust, benefaction or any interest in my estate or any part thereof given or provided for by this my Will, shall be paid out of my general estate, so that all bequests, trusts, benefactions or interests of every kind or nature given or made by this my Will shall be free and clear of all taxes as aforesaid."

Subparagraphs (b), (c), (d) and (e) of item second created individual trusts, each for $10,000, for the life of certain persons. At their death, the corpus of each trust is to be added to the trust for exceptant, which was created by subparagraph (f).

The first exception alleges error in the holding that the "general estate" referred to in decedent's will as the source of tax payments is that which remains after distribution to the appointees and after establishment of the four trusts. It is argued that the general estate is not the single trust, but rather the entire principal of the estate, all of which is allegedly residuary in nature. It is further suggested that the purpose of the tax clause under consideration is solely to prevent apportionment of the tax liability to the income given by decedent to his wife. Exceptant also contends that the

holding of the adjudication results in a division of the residue into a preferred part and a general part without the clear intention on the part of testator to do so required by the rule in Carson's Estate, 130 Pa. Superior Ct. 133 (1938).

The matter is one of testamentary interpretation, and requires a determination of the meaning to be given to the language used in the will. "General estate" as such is not defined therein. Exceptant concedes, however, that these words should be construed as the equivalent of "residuary estate". The appellate courts of Pennsylvania have apparently never passed upon this precise problem; but where it has been determined, the above significance has been given the words in question: Brown's Estate, 59 D. & C. 638 (1946); In re Chambers' Estate, 54 N. Y. S. 2d 88 (1945).

What, then, constitutes testator's residuary estate?

"Where a testator manifests an intent to dispose of everything not otherwise disposed of by the will, the dispositive clause is regarded as residuary; no technical mode of expression is necessary . . .": Armstrong Estate, 347 Pa. 23, 25 (1943); Horn Estate, 351 Pa. 131 (1945). The use of the word "residuary," to the exclusion of all others, is not mandatory, if testator's intent is definitely expressed. Under this rule, Dr. Batroff, in item second (f), precisely established the trust therein as his residuary estate, without of course using the word as such. He refers to "the balance or remainder of the capital or principal" of his estate left after the creation of all prior interests, and this is more than sufficient clarity to meet the requirements of the cases set forth above. It is important to note, also, that this is not a recognition of two residuary estates, or of one with two distinct parts; there is but one, which is the trust in item second (f).

Nor can the second exception be sustained. It is contended thereby that the provisions in item second do

not constitute a gift from testator, but rather from Mrs. Batroff, the donee of the power of appointment at the time she exercised it. Counsel for exceptant skillfully argues this point by analogy to other situations, where the courts have held that the donee of a power of appointment is the donor of the interest which his appointee takes, at least for purposes of the law of gifts. Testator here, however, did not restrict the benefits of the tax clause to interests "given" by his will, but extended them to any interest "provided for" thereby. In recognition of the rule that all provisions of a will are to be given significance if it is reasonably possible to do so, it is clear that second (a) at least "provided for" the interest which ultimately passed at Mrs. Batroff's death. She would have had nothing to exercise and no gift to give had not testator created the power in the first place. Although testator, later in the tax clause, uses the words "given or made" instead of "given or provided for," there is nothing to show an intent to narrow the normal meaning of "provided for" used in the principal provision of the clause. The broad language of the clause plainly demands a similarly broad explanation. Thus, the exceptions of Jefferson Medical College must be dismissed.

In addition to the above, Provident Tradesmens Bank and Trust Company, surviving trustee, joined also by the appointees of Mrs. Batroff, filed an additional exception to the adjudication, objecting to the award of the appointees' one-third share "at reappraised valuations of assets as of the date of the adjudication". Exceptants point out that, being entitled as they are to a fractional share of the whole fund, they should share proportionately in any appreciation, or depreciation, of the assets prior to distribution.

The final disposition of the exceptions of Jefferson Medical College has postponed final distribution sufficiently long that, it is contended, equity requires an

appraisal closer to the actual time of distribution. No objection to this exception has been made, and the requested procedure has received approval in the past in Furness' Estate, 82 Pa. Superior Ct. 452 (1924).

Accordingly, the exception of Provident Tradesmens Bank and Trust Company to the adjudication is sustained, and it is accordingly modified to provide that the awards thereunder shall be at reappraised values of unconverted assets as of the time of distribution.