IN RE ESTATE OF LEONARD E. RITTER, DECEASED.
VIRGINIA RITTER TETEN, APPELLEE, V. LULA C.L. RITTER,
PERSONAL REPRESENTATIVE OF THE ESTATE OF LEONARD E.
RITTER, DECEASED, APPELLANT.
419 N.W.2d 521

Filed February 19, 1988.   No. 86-144.

Harvey A. Neumeister and Kent J. Neumeister, and Donald R. Witt of Baylor, Evnen, Curtiss, Grimit & Witt, for appellant.

Otto H. Wellensiek of Wellensiek, Rehmeier & Kelch, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

This appeal involves construction of a will concerning the testator's devise of a remainder. In his will admitted to probate in the county court for Otoe County, Leonard E. Ritter specified:

## SECOND

It is my Will, wish and desire and I hereby devise and bequeath all of my personal property, of whatever nature, wheresoever situated, to my wife, Lula C. L. Ritter, to be hers absolutely and forever and if my wife, Lula C. L. Ritter predeceases me, then, it is my Will, wish and desire, and I give and bequeath all of the personal property, I may own at the time of my death, wheresoever situated, of whatever nature, to my child and daughter, Virginia Ritter Teten, and if Virginia Ritter Teten, shall predecease me, then to her child or children by right of representation under the laws of the State of Nebraska.

It is further my Will, wish and desire and I hereby give and devise to my wife, Lula C. L. Ritter, a life estate in the Southeast Quarter (SE$^1$/$_4$) of Section Eighteen (18), Township Seven (7), Range Thirteen (13), Otoe County, Nebraska, she to receive the income from all of such above described real estate for and during her lifetime, she to pay taxes thereon, and to pay insurance on the buildings and reasonably maintain them during her lifetime, and upon the death of my wife, Lula C. L. Ritter, I give and devise all of said above described real estate to my child and daughter Virginia Ritter Teten, and if the said Virginia Ritter Teten shall predecease me, then to her child or children by right of representation under the Laws of the State of Nebraska, however within eight months of my death, and I designate eight months so that such time is within the period of nine months if for any reason my daughter Virginia Ritter Teten may decide to disclaim her interest, I direct that my daughter Virginia Ritter Teten pay over to my wife Lula C. L. Ritter, absolutely the sum of Seventy-Thousand Dollars ($70,000.00) within said eight months of my death, and I expect that said $70,000.00 be considered as part of or as is necessary to figure the benefit of marital deduction, the said sum of $70,000.00 to be a lien on said above described real estate. I make the provision that the said payment of the sum of $70,000.00 be and is a lien on said above described real estate from the time of my death until paid.

Further I Will, that if my daughter Virginia Ritter Teten predeceases me, or if she disclaims, then all the provisions, obligations and conditions that I set forth above as to Virginia Ritter Teten paying the $70,000.00, as to the time and lien provisions, all apply to her child or children that take by right of representation under the Laws of the State of Nebraska.

I am aware that I do not have much cash or such property which my wife, Lula C. L. Ritter, can use to pay expenses upon my death or use for her proper living; that as a result of my illness, I have needed to use much of our cash reserve, but that yet I do desire to save the farm real estate above described for my daughter Virginia Ritter Teten, so I provide for this sum of $70,000.00 for my wife Lula C. L. Ritter, and likewise as I mentioned it is to be part of and figured as part of marital deduction of my estate and for her benefit.

As I provided I made the provision that the said payment of and said sum of said $70,000.00 be and is a lien on said above described real estate from the time of my death until paid within eight months, but if said sum is not paid to Lula C. L. Ritter within the said period of eight months from the date of my death, then said life estate as I provided for my wife Lula C. L. Ritter is null and void, and the remainder interest as I also provided for my daughter Virginia Ritter Teten, and the payment of the $70,000.00 as above provided, is all null and void, in other words all the above I have set forth as to the real estate described above, the Southeast Quarter (SE$\frac{1}{4}$) of Section Eighteen (18), Township Seven (7), Range Thirteen (13), Otoe County, Nebraska, is all null and void and it is then my Will, and I so devise said above described real estate to my wife Lula C. L. Ritter, absolutely, and if Lula C. L. Ritter shall predecease me then I give said real estate described as the Southeast Quarter (SE$\frac{1}{4}$) of Section Eighteen (18), Township Seven (7), Range Thirteen (13), Otoe County, Nebraska, to my child and daughter Virginia Ritter Teten, and if the said Virginia Ritter Teten shall also predecease me, then to her child or children by

right of representation under the Laws of the State of Nebraska.

. . . .

## FOURTH

As I said before, I am aware of the limited amount of cash in my estate, that I desire ever so much to save the real estate described as the farm for my daughter Virginia Ritter Teten, and if Virginia Ritter Teten cooperates and carries through as I set forth in detail as to payment of the $70,000.00 it would aid considerably.

Surviving Leonard Ritter were his widow, Lula C.L. Ritter, who was also the personal representative of Leonard's estate, and his daughter, Virginia Ritter Teten. Lula and Virginia jointly petitioned the county court for construction of part "SECOND" of Leonard's will. Lula contended that Leonard devised to her a life estate with a remainder to Virginia "if Virginia Ritter Teten or her successors by disclaimer paid the sum of $70,000 to Lula C. L. Ritter and in the event the payment was not made that Lula C. L. Ritter would have title in fee simple absolute" to the subject real estate. Virginia claimed that Leonard devised a life estate to Lula in the subject real estate with the remainder to Virginia irrespective of any $70,000 payment to Lula.

The county court decreed that Leonard had devised the subject real estate in fee simple to Lula, unless Virginia or, if Virginia disclaimed, her children paid Lula $70,000 within 8 months after Leonard's death, which payment would thereupon result in a life estate for Lula with the remainder in Virginia or, if Virginia disclaimed, in her children.

Virginia appealed to the district court, which reversed the county court's judgment and entered judgment in accordance with the construction advocated by her, that is, Leonard Ritter had devised a life estate to Lula with the remainder to Virginia, or her children if Virginia predeceased Leonard.

The cardinal rule concerning a decedent's will is the requirement that the intention of the testator or testatrix shall be given effect, unless the maker of the will attempts to accomplish a purpose or to make a disposition contrary

to some rule of law or public policy. [Citations omitted.] To arrive at a testator's or testatrix's intention expressed in a will, a court must examine the decedent's will in its entirety, consider and liberally interpret every provision in a will, employ the generally accepted literal and grammatical meaning of words used in the will, and assume that the maker of the will understood words stated in the will. [Citations omitted.]

When language in a will is clear and unambiguous, construction of a will is unnecessary and impermissible. [Citations omitted.] As a corollary of the immediately preceding rule, when ambiguity exists in a testamentary provision, construction of a will is necessary. Ambiguity exists in an instrument, including a will, when a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable interpretations or meanings. [Citations omitted.] A patent ambiguity is one which exists on the face of an instrument. [Citations omitted.] *Construction* includes the process of determining the correct sense, real meaning, or proper explanation of an ambiguous term, phrase, or provision in a written instrument. [Citation omitted.] When patent ambiguity exists in a will, a court must resolve such ambiguity as a matter of law. [Citation omitted.] . . . Regarding a question of law, the Supreme Court has an obligation to reach its conclusion independent from the conclusion reached by a court whose judgment is the subject of review. [Citation omitted.]

(Emphasis in original.) *In re Estate of Walker*, 224 Neb. 812, 818-19, 402 N.W.2d 251, 256 (1987).

The intent of Leonard Ritter leaps from the face of his will into the face of the reader for immediate recognition. Parts "<u>SECOND</u>" and "<u>FOURTH</u>" of Leonard Ritter's will contain provisions and language which clearly and unambiguously express the testator's intent, so that judicial construction is unnecessary.

On account of illness, Leonard Ritter had to use the "cash reserve" accumulated by Lula and himself. That reduction in his estate's liquidity presented a problem for Leonard, who was

concerned with Lula's well-being and maintenance as well as the expenses of his estate and death tax liability. One means to assure some liquidity and funds for Lula was the contingent remainder, that is, a remainder to Virginia and her children, as the case might be, in the event that the person(s) seeking realization of the remainder paid $70,000. If the potential remainder were not realized as a result of the payment of $70,000, Lula, nevertheless, retained fee simple title to the real estate, which would otherwise have been subject to the remainder, an unfettered asset which might be liquidated as Lula's and the estate's needs or liabilities required.

The county court's judgment is correct, and the district court's judgment incorrect. Therefore, we reverse the judgment of the district court and remand this matter to the district court with directions to reinstate and affirm the judgment of the county court.

REVERSED AND REMANDED WITH DIRECTION.