IN RE ESTATE OF EUGENIA A. PETERSON, DECEASED. RONDA K. PETERSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF CARL PETERSON, DECEASED, APPELLANT, V. JAMES E. ABBOTT AND LEROY ABBOTT II, COPERSONAL REPRESENTATIVES OF THE ESTATE OF EUGENIA A. PETERSON, DECEASED, APPELLEES.

433 N.W.2d 500

Filed December 30, 1988.   No. 87-266.

Clark G. Nichols, of Winner, Nichols, Douglas, Kelly and Arfmann, P.C., for appellant.

William F. Hargens, of McGrath, North, O'Malley & Kratz, P.C., for appellees.

HASTINGS, C.J., GRANT, and FAHRNBRUCH, JJ., and HENDRIX and OLBERDING, D. JJ.

FAHRNBRUCH, J.

The only question this case presents is what rate of interest accrues on a pecuniary devise paid more than 1 year after the appointment of a personal representative.

The county court for Scotts Bluff County found the proper rate of interest to be 12 percent per annum, pursuant to Neb. Rev. Stat. § 45-104 (Reissue 1984). On appeal, the district court reversed, holding that 6 percent per annum interest, as called for by Neb. Rev. Stat. § 45-102 (Reissue 1984), is the applicable rate.

We reverse the district court and reinstate the judgment of the county court.

Neb. Rev. Stat. § 30-24,102 (Reissue 1985) states: "General pecuniary devises bear interest at the legal rate beginning one year after the first appointment of a personal representative until payment, unless a contrary intent is indicated by the will."

Under the Nebraska Probate Code, Neb. Rev. Stat. § 30-2209(7) (Reissue 1985), "Devise, when used as a noun, means a testamentary disposition of real or *personal* property and, when used as a verb, means to dispose of real or personal property by will." (Emphasis supplied.)

We must determine what legal rate of interest was intended by the Legislature. This is purely a question of law. Regarding a question of law, the Supreme Court has an obligation to reach its conclusion independent from the conclusion reached by a court whose judgment is the subject of review. *In re Estate of Ritter*, 227 Neb. 641, 419 N.W.2d 521 (1988).

The facts of this case are not in dispute. Eugenia A. Peterson died February 5, 1983, and her sons were appointed copersonal representatives of her estate on March 22, 1983. Mrs. Peterson's husband, Carl Peterson, was prevented from receiving an elective share of his wife's estate by a valid antenuptial agreement. See *In re Estate of Peterson*, 221 Neb. 792, 381 N.W.2d 109 (1986). The first codicil to Mrs. Peterson's will devised $200,000 to her husband. On April 3, 1986, Mr. Peterson demanded his devise of the copersonal representatives.

On June 10, 1986, following the death of Mr. Peterson, an application demanding distribution of the devise was filed with

the county court by the personal representative of Mr. Peterson's estate. The application also requested interest on the $200,000 at the rate of 12 percent per annum from March 22, 1984, the date 1 year after the copersonal representatives were appointed. The county court directed that the devise be paid. The court also found that interest on the devise accrued at 12 percent per annum, pursuant to § 45-104.

Pending appeal to the district court, the devise was paid, together with 6 percent interest from March 22, 1984. The only issue presented to the district court was the applicable rate of interest. The district court reversed the county court after finding that the 6 percent interest rate called for in § 45-102 applied.

Section 45-102 states:

> Interest upon the loan or forbearance of money, goods or things in action, shall be at the rate of twelve per cent per annum for the period commencing on March 19, 1980, through August 31, 1983, and at the rate of six per cent per annum commencing on September 1, 1983, on the unpaid principal balance, unless a greater rate, not exceeding the rate of interest provided in § 45-101.03, be contracted for by the parties.

Appellees argue that this section applies because of its title, "Interest; legal rate; except when otherwise contracted." Section titles are not part of the law and have no bearing on the statute's application. Neb. Rev. Stat. § 49-802 (Reissue 1984). By its terms, § 45-102 applies only to the "loan or forbearance of money, goods or things in action." A devise under a will is neither a loan nor a forbearance. Therefore, § 45-102 does not apply, any inference in *In re Estate of Kierstead*, 128 Neb. 654, 259 N.W. 740 (1935), to the contrary notwithstanding. Section 45-104 states: "Unless otherwise agreed, interest shall be allowed at the rate of twelve per cent per annum on money due on any instrument in writing . . . ."

A will is clearly an instrument in writing. Section 30-2209(53) defines a will as "any instrument, including any codicil or other testamentary instrument complying with Sections 30-2326 to 30-2338, which disposes of personal or real property, appoints a personal representative . . . or revises an earlier executed

testamentary instrument, or encompasses any one or more of such objects or purposes." Neb. Rev. Stat. §§ 30-2326 to 30-2338 (Reissue 1985) require that the will be in writing and that the maker be of legal age, and involve other requirements not here applicable. Mrs. Peterson's will meets all of these requirements.

By statutory definition a will is an instrument in writing. Therefore, we hold that when interest is required to be paid on a pecuniary devise pursuant to § 30-24,102, the legal rate of interest called for is 12 percent per annum, as required by § 45-104.

Accordingly, we reverse the judgment of the district court and remand the cause with directions that the judgment of the county court be reinstated.

REVERSED AND REMANDED WITH DIRECTIONS.