REQUESTED BY: James S. Cashin, Director Nebraska Public Employees Retirement Systems
The Nebraska State Employees Retirement Act, Neb. Rev. Stat.§§ 84-1301 through 84-1331 (1994), (the "Act") creates a pension and annuities program for various state employees upon their retirement from state service or upon their disability. Section 84-1301 contains definitions for the terms used in the Act, and the definition of "employee" contained in Subsection (1) of § 84-1301 was amended by LB 1068 in 1994 so that its provisions now read, in pertinent part:
 Employee shall mean any . . . person or officer employed by the State of Nebraska whose compensation is paid out of state funds or funds controlled or administered by a state department through any of its executive or administrative officers when acting exclusively in their respective official, executive, or administrative capacities. Employees shall not include . . . (k) employees of the Coordinating Commission for Postsecondary Education who are eligible for and have elected to become members of a qualified retirement program approved by the commission which is commensurate with retirement programs at the University of Nebraska.
The language at (k) was added by LB 1068 ". . . to allow employees of the Coordinating Commission for Postsecondary Education, who are eligible for alternative retirement programs, to opt out of the State Retirement System and opt into the alternative retirement program." Introducer's Statement of Intenton LB 1068, 93rd Neb. Leg., 2nd Sess. (January 27, 1994).
Certain employees of the Coordinating Commission for Postsecondary Education (the "CCPE") are now considering whether they should elect to opt out of the State Retirement System in favor of another system available to CCPE employees. That group of employees apparently includes both vested and non-vested members of the state system.[1] The potential departure from the state system by the CCPE employees has raised some controversy as to the status of the various accounts of those employees in the state system. That controversy resulted in your opinion request to us. Specifically, you have asked us:
 1. If a non-vested employee elects to join another qualified plan, is their state retirement system employer account forfeited back to the State of Nebraska?
 2. If the employee joins the other plan, can they take out their employee account?
 3. If the employee joins the other plan and they are vested, can they take out the employer account?
We will discuss your various questions below.
[1] Under § 84-1321 (3), a state employee's employer account is entirely vested after 5 years of participation in the plan.
At the outset, we must note that there are no Nebraska Supreme Court decisions or previous opinions from this office which shed light on the precise questions presented in your opinion request. Moreover, we have reviewed the legislative history of LB 1068 from 1994, and it offers little assistance as well. As a result, we must rely on the plain language of the statutes dealing with the retirement system.
Section 84-1321 states, as is relevant here:
 (1) Any member of the retirement system who ceases to be an employee before becoming eligible for retirement under section 84-1317 may, upon application to the board, receive:
 (a) If not vested, a termination benefit not to exceed the amount in his or her employee account (i) payable in a lump sum or (ii) payable in a lump sum deferred no later than the sixtieth day after the end of the year in which the member attains the age of seventy and one-half years;
 (b) If vested, a termination benefit not to exceed (i) the amount in his or her employee account payable in a lump sum plus a deferred account provided by his or her employer account under which the lump-sum or first annuity payment shall be made no later than the sixtieth day after the end of the year in which the member attains the age of seventy and one-half years, (ii) the amount of the employee account payable in a lump sum plus a lump sum of the employer account deferred no later than the sixtieth day after the end of the year in which the member attains the age of seventy and one-half years, or (iii) the total amount of the employee account and the employer account payable in a lump sum deferred no later than the sixtieth day after the end of the year in which the member attains the age of seventy and one-half years; or
 (c) A deferred account provided by the employee account and, if vested, the employer account under which the lump-sum or first annuity payment shall be made no later than the sixtieth day after the end of the year in which the member attains the age of seventy and one-half years.
(Emphasis added). Section 84-1321 obviously provides, in some detail, for the disposition of various retirement accounts when a member of the retirement system "ceases to be an employee." At first glance, this statute would seem to deal directly with your various questions, since those employees of the CCPE who voluntarily elect to opt out of the state system will "cease to be an employee" under the definition of "employee" found at §84-1301 (1)(k) when they leave the system. However, an argument has been raised that, for various reasons, the provisions of § 84-1321 are not dispositive in this situation.
One basis for the argument that § 84-1321 does not apply in this situation is a contention that the phrase "ceases to be an employee" in § 84-1321 must be interpreted to mean that the employee has terminated his or her employment with the State of Nebraska. Under that analysis, since the CCPE employees who might opt out of the state retirement system would still be employed by the state, they would not fall under the provisions of § 84-1321, and they would be entitled to keep their employee and their employer accounts, or possibly transfer them to the new retirement program. This contention is apparently largely based upon the fact that the title to § 84-1321 is, "Employees; termination of employment; benefits; when; how computed; vesting; deferment of benefits." (Emphasis added.) Because the title to § 84-1321 mentions "termination of employment," it is contended that "ceases to be an employee" and "termination of employment" must be synonymous.
We do not believe that this argument is persuasive. Section titles are not part of the law and have no bearing on a statute's application. In Re Estate of Eugenia A. Peterson, 230 Neb. 744,433 N.W.2d 500 (1988). Consequently, the use of the phrase "termination of employment" in the title of § 84-1321 has no particular significance with respect to the meaning of that section. On the other hand, statutory language is to be given its plain and ordinary meaning in the absence of anything indicating to the contrary, and when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged in to ascertain their meaning. Rosse v. Rosse,244 Neb. 967, 510 N.W.2d 73 (1994). That rule supports the notion, discussed above, that members of the retirement system cease to be employees for purposes of § 84-1321 when they voluntarily choose to leave the system under § 84-1301 (1)(k) and are excluded as employees by definition.
It is also asserted that § 84-1326 prevents the application of § 84-1321 to CCPE employees who elect to opt out of the State Employees Retirement System for another retirement program. Section 84-1326 provides, "[p]ersons who have become members of the retirement system shall not thereafter lose their status as members while they remain employees." In that regard, it is argued that CCPE employees will remain employees of the State of Nebraska even if they opt out of the state retirement system. Therefore, they cannot lose their status as members of the state retirement program.
In our view, this position once again ignores the plain language of the applicable statutes. Under the provisions of § 84-1301 (1)(k), members of the state retirement system who opt out of the system are no longer employees under the Act, by definition. Therefore, they no longer "remain employees" under the Act, and can lose their status as members under § 84-1326.
Finally, it is contended that there is precedent for allowing the rights of a retirement systems member to vest upon his or her election to transfer to another approved retirement plan on the basis of § 84-1326.01. That section states, in pertinent part:
 Any state employee who is a member of the State Employees Retirement System of the State of Nebraska and whose status is changed by the Legislature to that of an employee of a mental health region or an employee of a community mental health center shall, upon application to the Public Employees Retirement Board, obtain full and immediate vesting in any prior service retirement benefits and any future service retirement benefits which have accrued to the date of transfer.
However, the very existence of § 84-1326.01 argues against extending similar privileges in the present circumstances. By enacting § 84-1326.01, the Legislature indicated that it was aware of potential problems concerning changes in employee status, and in the instance of mental health employees, it chose to make special allowances for vesting privileges for those employees who left the system as a result of legislative action. The Legislature could have enacted similar legislation in the present instance to give particular rights under the existing system to those CCPE employees who choose to opt out of the state retirement system under § 84-1301 (1)(k). The fact that the Legislature did not do so argues against the existence of any such special privileges.
In sum, we believe that those CCPE employees who voluntarily opt out of the State Employees Retirement System in favor of another program "cease to be an employee" in the system under § 84-1321. Therefore, that section applies to such a situation, and can be used to directly answer your various questions. On the basis of § 84-1321, (a) the employer account of a non-vested CCPE employee is forfeited back to the State of Nebraska if that employee elects to join another qualified retirement plan; (b) an CCPE employee who joins another qualified retirement plan can take out his or her employee account; and (c) a vested CCPE employee who elects to join another qualified retirement plan cannot take out his or her employer account, but it remains available to provide the benefits set out in § 84-1321.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General