IN RE ESTATE OF DONALD B. JOHNSON, DECEASED.
SHRINERS HOSPITAL FOR CHILDREN, ALSO KNOWN AS SHRINERS
HOSPITAL FOR CRIPPLED CHILDREN, APPELLANT, V.
LEALEN DOMEIER, PERSONAL REPRESENTATIVE OF THE
ESTATE OF DONALD B. JOHNSON, DECEASED, APPELLEES.

615 N.W. 2d 98

Filed July 28, 2000.   No. S-99-563.

J.L. Spray and Jacqueline M. Schaneman, of Mattson, Ricketts, Davies, Stewart & Calkins, for appellant.

Howard F. Ach and Kathy Pate Knickrehm for appellees.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Shriners Hospital for Children, also known as Shriners Hospital for Crippled Children (Shriners Hospital), appeals from an order of the county court for Lancaster County, Nebraska, construing the last will and testament of Donald B. Johnson, deceased. The dispositive issue is whether Shriners Hospital was a "residuary devisee" within the meaning of Neb. Rev. Stat. § 30-2344 (Reissue 1995) so as to have an interest in a lapsed residuary devise. We conclude that the county court did not err in determining that Shriners Hospital was not a residuary devisee.

## BACKGROUND

While a resident of Lancaster County, Johnson died testate on January 22, 1998. His last will and testament dated March 3, 1986, was admitted to probate on October 20, 1998. The will provided in relevant part:

FIRST. I direct that my Executrix hereinafter named shall pay all of my just debts, including the expenses of my last illness and funeral expenses, as soon after my death as conveniently may be.

SECOND. After payment of my just debts and expenses, I give, devise and bequeath the sum of One Thousand ($1,000.00) Dollars to Shriners Hospital for Crippled Children, a corporation, for the use and benefit of the hospitals owned and maintained by said corporation. All of the residue and remainder of my estate, real, personal and mixed, and wherever situate, I give, devise and bequeath to my beloved wife, Amanda K. Johnson.

THIRD. In the event that my said wife should not survive me, or that our deaths should be near simultaneous, as in a common accident, I direct that my property and estate remaining after payment of my just debts and expenses shall be divided into two equal parts. From the first part or one-half of my estate I give, devise and bequeath the sum

of One Thousand ($1,000.00) Dollars to Shriners Hospital for Crippled Children, a corporation as provided in the Second paragraph hereon, and in lieu of the legacy to said corporation in the Second paragraph hereof. All of the residue and remainder of the first one-half of my property and estate I give, devise and bequeath to my parents, Ray G. Johnson and Lula Johnson of Davenport, Nebraska, or to the survivor of them. From the second one-half of my property and estate, I give, devise and bequeath the sum of One Thousand ($1,000.00) Dollars to St. Elizabeth Hospital of Lincoln, Nebraska, in trust, to be used by said Hospital as trustee to make loans to deserving students of nursing at said Hospital under such terms and conditions as to the Hospital may seem just and proper. From said second one-half of my property and estate I give, devise and bequeath the further sum of One Thousand ($1,000.00) Dollars to the Havelock Methodist Church, 6043 Morrill Ave., Havelock, now Lincoln, Nebraska. All of the residue and remainder of the second one-half of my property and estate I give, devise and bequeath to the three sisters of my said wife, namely: Mrs. Irene Kohler Conrad of Lincoln, Nebraska, Mrs. Ella Fay Kohler Hawley of Clinton, Washington, and Mrs. Esther Gay Kohler Ellis of Los Angeles, California, in equal parts, share and share alike.

FOURTH. In the event that neither my wife nor either of my parents shall survive me I direct that my property and estate remaining after payment of my just debts and expenses, shall be divided into two equal parts. From the first part or one-half of my estate I give, devise and bequeath the sum of One Thousand ($1,000.00) Dollars to St. Elizabeth Hospital, Lincoln, Nebraska, as trustee, in trust to be used as provided in the Third paragraph hereof, this bequest to be in lieu of the bequest to St. Elizabeth Hospital in the Third paragraph hereof and not in addition thereto. From said first one-half of my estate, I give, devise and bequeath the further sum of One Thousand ($1,000.00) Dollars to the Havelock Methodist Church, 6043 Morrill Ave., Havelock, now Lincoln, Nebraska, this bequest being in lieu of and not in addition to the bequest

to said church in the Third Paragraph hereof. All of the residue and remainder of the first half of my estate, I give, devise and bequeath to the three sisters of my wife who are named in the Third paragraph above, in equal shares, share and share alike. The second one-half of my estate I give, devise and bequeath to Shriners Hospital for Crippled Children, a corporation, for the use and benefit of the hospitals owned and maintained by said corporation, this bequest being in lieu of any and all other bequests to said Shriners Hospital for Crippled Children herein made.

Johnson was preceded in death by his wife and parents. He was also predeceased by his three sisters-in-law who are named in the third and fourth paragraphs of his will.

On October 28, 1998, LeAlen Domeier, the personal representative of Johnson's estate, filed a "Petition for Construction of Will and Determination of Partial Intestacy" in the Lancaster County Court. The petition alleged that a question had arisen as to whether that portion of the estate devised to Johnson's three sisters-in-law who predeceased him should pass to Shriners Hospital or to his heirs at law. Following a hearing at which the facts summarized above were established, the county court entered an order on April 21, 1999, in which it determined that the only residuary clause contained in the operative fourth paragraph of the will was the devise to Johnson's sisters-in-law, and that because the devise had lapsed, that portion of the estate should pass by the laws of intestacy. In reaching this determination, the county court noted that the language used in the fourth paragraph of the will was dissimilar to that of the third paragraph, which included residuary devises as to each half of the estate.

Shriners Hospital perfected this timely appeal, which we removed to our docket on our own motion pursuant to our authority to regulate the caseloads of the appellate courts. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Shriners Hospital assigns, summarized and restated, that the county court erred (1) in failing to find that the fourth paragraph was the residuary clause of the will; (2) in examining, constru-

ing, and considering the third paragraph of the will and the intent of Johnson without first finding that the fourth paragraph was ambiguous; (3) in failing to give effect to the intent of Johnson; and (4) in failing to find that the intent of Johnson was to die testate.

## STANDARD OF REVIEW

When a patent ambiguity exists in a will, a court must resolve such ambiguity as a matter of law. *In re Estate of Ritter*, 227 Neb. 641, 419 N.W.2d 521 (1988). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Susan H. v. Keith L.*, 259 Neb. 322, 609 N.W.2d 659 (2000).

## ANALYSIS

The parties agree that because Johnson was predeceased by his wife and parents, neither the second nor the third paragraph of his will is operative, and that the disposition of his estate must be governed by the fourth paragraph. The issue before us concerns the legal effect of the undisputed fact that Johnson was also predeceased by his three sisters-in-law, who are named as devisees in the operative provision of his will. Two provisions of the Nebraska Probate Code form the starting point for the resolution of this issue. Nebraska's antilapse statute, codified at Neb. Rev. Stat. § 30-2343 (Reissue 1995), provides in pertinent part:

> If a devisee related to the testator in any degree of kinship is dead at the time of execution of the will, fails to survive the testator, or is treated as if he predeceased the testator, the issue of the deceased devisee who survive the testator by one hundred twenty hours take in place of the deceased devisee and if they are all of the same degree of kinship to the devisee they take equally, but if of unequal degree then those of more remote degree take by representation.

This provision does not prevent the lapse of the devise to the testator's sisters-in-law resulting from their death prior to his because of the absence of a relation in any degree of kinship. See Neb. Rev. Stat. § 30-2209(40) (Reissue 1995) (providing as used in Nebraska Probate Code that "[r]elative or relation of a

person means all persons who are related to him or her by blood or legal adoption"). The record includes an affirmative showing that the sisters-in-law were not blood relatives of Johnson. The disposition of the lapsed devise is therefore governed by § 30-2344, which provides:

(a) Except as provided in section 30-2343, if a devise other than a residuary devise fails for any reason, it becomes a part of the residue.

(b) Except as provided in section 30-2343, if the residue is devised to two or more persons and the share of one of the residuary devisees fails for any reason, his share passes to the other residuary devisee, or to other residuary devisees in proportion to their interests in the residue.

Shriners Hospital contends that the entire fourth paragraph of the will is a residuary devise because of language in its first sentence directing that Johnson's property and estate "remaining after payment of my just debts and expenses" be divided into two equal parts. The county court determined that the only residuary devise was that portion of the fourth paragraph by which Johnson devised "[a]ll of the residue and remainder of the first half of my estate" to his sisters-in-law. Because each of these phrases could reasonably be interpreted as prefatory to a residuary devise, we conclude that there is a patent ambiguity on the face of the will which we must resolve as a matter of law. See *In re Estate of Ritter*, 227 Neb. 641, 419 N.W.2d 521 (1988).

■ The Nebraska Probate Code does not define "residue" or "residuary devise." In *Wondra v. Platte Valley State Bank & Trust Co.*, 194 Neb. 41, 51, 230 N.W.2d 182, 188 (1975), we stated:

Generally speaking, a residuary clause of a will is that clause which disposes of property, not usually specifically described, which has not been disposed of by the other provisions of the will. 96 C. J. S., Wills, § 796, p. 215. Such a clause commonly, but not always, refers to the "rest, residue or remainder," or uses language of similar import. 96 C. J. S., Wills, § 796, p. 217. As a matter of mechanical arrangement the residuary clause is often last, but need not necessarily be. 96 C. J. S., Wills, § 796, p. 217. The above indicia are, of course, not conclusive, but

are, without doubt, helpful in determining the intention of the testator.

More succinctly, a "residuary clause" is "[a] testamentary clause that disposes of any estate property remaining after the satisfaction of specific bequests and devises." Black's Law Dictionary 1311 (7th ed. 1999).

We agree with the county court's determination that the fourth paragraph of the will was intended to dispose of all of Johnson's property. Shriners Hospital does not dispute this, but argues that the whole of the estate can also constitute the residue. We note some grammatical tension here, in that "residue" is defined as "[s]omething that is left over after a part is removed or disposed of; a remainder." *Id.* Nevertheless, there is authority from other jurisdictions which supports the position taken by Shriners Hospital on this point. Shriners Hospital relies primarily on *Slater Estate*, 377 Pa. 285, 105 A.2d 59 (1954), in which the testator first provided for the payment of funeral expenses and then, in the second item of the will, devised two-thirds of his entire estate to one cousin and "the remaining" one-third to other cousins. The court found that this second item of the will in its entirety was "clearly residuary," noting that "the residue of an estate is all that is left after devises and legacies have been paid or satisfied" and that " 'where a testator manifests an intent to dispose of everything not otherwise disposed of by the will, the dispositive clause is regarded as residuary.' " (Citations omitted.) *Id.* at 287-88, 105 A.2d at 60. Other courts have reached similar conclusions based upon the same general reasoning. See, e.g., *Matter of Estate of Zimbleman*, 539 N.W.2d 67, 71 (N.D. 1995) (holding where will contained no designated residuary clause, provision devising all property to testator's children "is effectively a residuary clause because it disposed of the residue"); *In re Estate of Derifield*, 88 Ohio App. 3d 559, 563, 624 N.E.2d 361, 363 (1993) (holding "[a]lthough a residuary clause, in a strict sense, would seem to presuppose prior particular bequests or devises, a bequest of 'all' of the testator's property or estate is also treated as a residuary clause"); *Murray v. Willett*, 36 Md. App. 551, 373 A.2d 1303 (1977) (holding provision of will which disposed of entire estate after payment of lawful debts was residuary clause).

Other courts, however, have resolved this issue differently. For example, in *Matter of Estate of Wagner*, 507 N.W.2d 711, 713 (Iowa App. 1993), the court considered a single article of a will containing the preamble: " 'After the payment of all such debts and funeral expenses, the *remainder* of my property shall pass as follows.' " (Emphasis in original.) The article then recited several specific bequests in sections a through f and concluded with section g, in which the testator devised and bequeathed to designated parties " 'my real property . . . with the contents therein, including all personal items, as well as any money left in the bank . . . .' " *Id.* The court held that only section g could be interpreted as a residuary clause because the preceding sections of the article contained bequests of a specific item or amount of money. In *In re Estate of Wagner*, 423 So. 2d 400, 404 (Fla. App. 1982), the court determined that a single article in a will disposing of " 'the rest, residue and remainder of my estate' " to specified parties after payment of debts and funeral expenses did not constitute a residuary clause, which it defined as a clause disposing of "the portion of the estate remaining after the satisfaction of bequests." The court reasoned that a preceding article directing payment of debts and funeral expenses was not a bequest, since state law required such items to be paid out of the estate. See, also, *Estate of Mathie*, 64 Cal. App. 2d 767, 779, 149 P.2d 485, 492 (1944) (holding single provision disposing of " 'all the rest, residue and remainder' " of estate after payment of debts and last expenses not residuary devise because no other bequests or devises); *In re Estate of Marti*, 311 Ill. App. 237, 240, 35 N.E.2d 696, 698 (1941) (holding residuary devise "presupposes prior legacies or devises to be first satisfied," so that "a devise of the whole of an estate cannot be considered as a residuary devise").

Although it did not directly involve a contested issue of whether a dispositive provision constituted a residuary clause, our opinion in *Katt v. Claussen*, 174 Neb. 603, 118 N.W.2d 1002 (1963), is nevertheless instructive. That case involved the construction of a codicil which devised one-half of the testator's property to a foundation and the other half in equal shares to the testator's two sisters and her husband's niece. We noted that "[t]he codicil contained no residuary clause" and was clearly

intended to dispose of the entire estate. *Id.* at 605, 118 N.W.2d at 1004. While Shriners Hospital correctly points out that *Katt v. Claussen* was decided prior to the enactment of the Nebraska Probate Code, we do not regard this as significant in view of the fact noted above that the Nebraska Probate Code does not define "residue" or "residuary devise."

The cardinal rule in construing a will is to ascertain and effectuate the intention of the testator if such intention is not contrary to the law. *In re Estate of Schmitz,* 214 Neb. 28, 332 N.W.2d 666 (1983). To arrive at a testator's or testatrix's intention expressed in a will, a court must examine the will in its entirety, consider and liberally interpret every provision in the will, employ the generally accepted literal and grammatical meanings of words used in the will, and assume that the maker of the will understood words stated in the will. *In re Estate of Ritter,* 227 Neb. 641, 419 N.W.2d 521 (1988). There is a presumption that a testator intends to dispose of his or her entire estate and not to die intestate as to either a part or the whole thereof. *In re Estate of Corrigan,* 218 Neb. 723, 358 N.W.2d 501 (1984). However, this presumption cannot supplant the actual intent of the testator as derived from the language of the will. *Id.*

In this case, we need not decide whether a provision disposing of the entire estate can ever constitute a residuary devise because application of the foregoing principles to the fourth paragraph of the will convinces us that it was not intended to be a residuary devise in its entirety. The fact that its first sentence refers to a distribution of property "remaining after payment of my just debts and expenses" does not automatically transform what follows into the residuary estate because the payment of creditors of an estate is not dependent upon the instructions of the testator. See Neb. Rev. Stat. §§ 30-2487 (Cum. Supp. 1998) and 30-3106 (Reissue 1995) (generally requiring payment of creditors out of estate proceeds). The operative provisions of the fourth paragraph reflect a plan of disposition by which Johnson intended that certain persons and entities would receive specific portions of his estate which were not contingent or in any way affected by the satisfaction of other bequests. Under this plan, Shriners Hospital was to receive exactly one-half of the estate remaining after payment of debts and last expenses. This

bequest was specifically stated to be in lieu of any other bequest under the will. There is no language in the will suggesting any intent that Shriners Hospital would have any interest in the other half of the estate, out of which the other hospital and the church were each devised exactly $1,000, and the sisters-in-law were to receive "the residue and remainder." Thus, the only residuary devise was that to Johnson's sisters-in-law, all of whom he survived.

## CONCLUSION

The county court was correct in determining that the fourth paragraph of the will did not constitute a residuary clause in its entirety and that the only residuary devise was that made to Johnson's sisters-in-law, who predeceased him. That devise has lapsed and must therefore pass by the laws of intestacy, as there are no surviving residuary devisees. The judgment of the county court is affirmed.

AFFIRMED.

HENDRY, C.J., not participating.