In re ESTATE OF Lew Gin Gee JUNG;

May T. Jung, Personal Representative of the Estate of Lew Gin Gee Jung, Appellant,

v.

Bow G. Jung and Wee G. Jung, Appellees.

No. 00–PR–1451.

District of Columbia Court of Appeals.

Argued April 23, 2002.

Decided June 20, 2002.

Leonard L. Long, Washington, for appellant.

John Jude O'Donnell, with whom Michele L. Bulger, Washington, was on the brief, for appellee Bow G. Jung.

Renee I. Fox, Washington, was on the brief, for appellee Wee G. Jung.

Before SCHWELB, GLICKMAN, and WASHINGTON, Associate Judges.

GLICKMAN, Associate Judge.

This is another appeal arising in the course of the administration of the Estate of Lew Gin Gee Jung.[1] Ms. Jung died intestate in 1995, leaving her adult children to battle over their rights of inheritance. One of their disputes was whether appellee Bow G. Jung was in fact the biological son (and heir) of Lew Gin Gee Jung, as he claimed to be. Pending the resolution of that dispute, May T. Jung, the personal representative of the Estate, withheld from Mr. Jung a distribution of $60,000 when she made distributions in that amount in 1995 to each of the other heirs. The Estate retained that $60,000 in an interest-bearing bank account. DNA testing eventually established that Bow G. Jung was indeed Lew Gin Gee Jung's son, and in December 1999, Superior Court Judge Kaye K. Christian ordered the personal representative to disburse his share to him. When May T. Jung failed to do so, Mr. Jung successfully moved to compel, and in April 2000, Superior Court Judge Cheryl M. Long ordered the personal rep-

1. *See Jung v. Jung,* 791 A.2d 46 (D.C.2002); *In re Estate of Lew Gin Gee Jung,* 791 A.2d 920 (2000).

resentative to pay Mr. Jung his distribution "with statutory interest" from the date in 1995 when the other heirs had received their distributions. May T. Jung thereupon disbursed to Mr. Jung the $60,000 plus $7, 235, the interest the distribution had earned and accumulated in the bank since 1995.

This payment did not settle matters. Mr. Jung claimed that Judge Long's order required the personal representative to pay interest on his delayed distribution at the "statutory" rate of six percent per annum, meaning that he should have been paid a total of approximately $18,000 in interest. The personal representative disagreed and filed a motion seeking clarification of Judge Long's order. This motion came before Judge Christian, who ruled that "the Court intended the statutory interest to be six percent (6%) pursuant to D.C.Code § 28–3302." The personal representative complied with that ruling, disbursing approximately $11,000 in additional interest to Mr. Jung, and appealed. She contends that D.C.Code § 28–3202 does not apply to a delayed distribution to an heir and the Estate cannot be required to pay more interest to Mr. Jung than the distribution had earned. We agree with the personal representative on both these points.

Preliminarily, it is important to note that the orders directing payment of Mr. Jung's distribution with interest do not purport to be against the personal representative in her individual capacity. The probate court did not find that May T. Jung violated her duties to the Estate or Mr. Jung in withholding his distribution until his status as an heir was ascertained, or in failing to invest the withheld funds appropriately in the interim. We read the court's orders as directing the personal representative to pay the distribution and the interest thereon from the assets of the Estate, not from her own personal assets.

The statutory provision on which the probate court relied, D.C.Code § 28–3302(a) (2001), states that "[t]he rate of interest in the District upon the loan or forbearance of money, goods, or things in action in the absence of expressed contract, is 6% per annum." [2] This provision does not apply to distributions from an Estate. Mr. Jung's $60,000 share of his mother's estate was not a loan from him to the Estate. Nor did his waiting to receive that share constitute a forbearance on Mr. Jung's part. "Forbearance" means "[t]he act of refraining from enforcing a right, obligation, or debt." BLACK'S LAW DICTIONARY 656 (7th ed.1999).[3] *Cf. In re Estate of Peterson,* 230 Neb. 744, 433 N.W.2d 500, 502 (1988) ("A devise under a will is neither a loan nor a forbearance.").

More fundamentally, it was error for the probate court to require that Mr. Jung be paid more interest than his distribution had earned in the bank because the difference would have to come at the expense of the other heirs from their shares of the remaining distributable assets of the Estate. In this case, the children of Lew Gin Gee Jung, as her heirs, were entitled to share equally in those remaining assets (having shared equally in the first distribution of $60,000 apiece).[4] *See* D.C.Code § 19–306 (2001) ("When the intestate leaves children and no other descendants,

---

**2.** The other subsections of D.C.Code § 28–3302, on which the probate court did not rely, govern post-judgment interest only. Unlike subsection (a), the other subsections do not provide for interest at the rate of six percent per annum.

**3.** "Strictly speaking," the dictionary adds, "*forbearance* denotes an intentional negative act...." *Id.*

**4.** Bow G. Jung must be deemed to have shared equally in that initial distribution because his $60,000 was held for him in an interest-bearing account.

the surplus is divided equally among them."). Paying a portion of the remaining assets to Bow G. Jung as additional interest on his initial distribution would result in an unequal division of the surplus in contravention of § 19–306. In effect, this would penalize the other heirs for having contested Mr. Jung's heirship. Given that the personal representative's deposit of Mr. Jung's $60,000 distribution in a bank account protected his interest during the pendency of that contest, we perceive no justification for the probate court to impose such a penalty.

We reverse the order of the probate court requiring the personal representative of the Estate of Lew Gin Gee Jung to pay Mr. Jung interest of six percent per annum on his $60,000 distribution. In light of our holding, Mr. Jung may be obliged to pay back to the Estate the excess interest he received, unless there are other material circumstances of which we are unaware. In that case, we envision that on remand the probate court will enter an appropriate order to that effect and oversee the repayment.

*So ordered.*