IN RE ESTATE OF OPAL B. MOUSEL, DECEASED.
MARGIE GAINES BAGLEY AND JERRY GAINES, COPERSONAL
REPRESENTATIVES OF THE ESTATE OF OPAL B. MOUSEL,
DECEASED, APPELLANTS, V. RICHARD P. MOUSEL
ET AL., APPELLEES.
715 N.W.2d 490

Filed May 26, 2006. No. S-05-329.

James H. Dodson, of Dodson & Dodson, for appellants.

Kevin D. Urbom, and, on brief, David W. Urbom, of Urbom Law Offices, P.C., for appellees.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ., and HANNON, Judge, Retired.

MILLER-LERMAN, J.

## NATURE OF CASE

This case involves the proper distribution of certain interests in ranch real estate included in the estate of Opal B. Mousal. Margie Gaines Bagley and Jerry Gaines, copersonal representatives of the estate (Appellants), appeal the order of the county court for Furnas County which construed Opal's will to leave the contested interests in the ranch real estate to several relatives of Opal's husband, George A. Mousel. Appellants are two of the children of Opal's deceased brother, Orville Gaines. Appellants assert that because George died within 60 days after Opal's death, the will should have been construed as leaving the ranch real estate, along with the rest of Opal's estate, to the children of Orville Gaines. We conclude that the county court did not err in its construction of the will. We affirm.

## STATEMENT OF FACTS

Opal died on December 18, 2003, leaving a last will and testament dated October 27, 1986. Opal was survived by George, but George died on January 6, 2004, which was within 60 days of Opal's death. Opal's will was admitted to probate on May 24, 2004. The will includes seven numbered paragraphs. The will named Appellants as personal representatives and contained the following relevant provisions:

> Second, after the payment of such debts and funeral expenses, I give, devise and bequeath our home residence, family automobile, household goods and personal effects to my husband, George A. Mousel, together with a life estate in my ranch real estate.

> THIRD, My interests in my ranch real estate I devise in the following shares: to George's brothers Paul – 1/5th interest; to Charles – 1/5th interest; to sister Madelene Coder – 1/5th interest; to brother Ashur – 1/5th interest and to the two children of George's deceased sister, Lucille

Haas: each a 1/10th interest in nephew Walter Haas and niece, Carolyn Knehans.

FOURTH, I give devise and bequeath my interest in the West Half of the Southeast Quarter of 30-14-25 in Roger Mills County, Oklahoma to the children of my deceased brother, Orville Gaines, in equal shares who are Margie Gaines Bagley, Jerry Gaines, Jon Gaines and Susan Gaines subject to the life estate in my husband, George Mousel.

FIFTH, in the event that my husband and I meet simultaneous death in an accident or if he does not survive me for 60 days, I direct that the provisions for him shall lapse and my estate shall pass under paragraph Four, together with my residuary estate.

On September 16, 2004, Appellants filed a petition for construction of the will. They asserted that the heirs named in paragraph "THIRD" (known hereinafter as George's relatives) and the heirs named in paragraph "FOURTH" (known hereinafter as Orville's children) were unable to agree as to the proper distribution of the interests in the ranch real estate described in paragraph THIRD. George's relatives filed a response to the petition, in which they asserted that paragraph THIRD showed Opal's intent that the ranch real estate pass to them, whether or not George survived 60 days after her death. Orville's children argued that because George died within 60 days after Opal's death, paragraph "FIFTH" controlled and that paragraph FIFTH provided that Opal's entire estate, including the ranch real estate, was to pass to them as the heirs named in paragraph FOURTH.

The county court held a hearing on the petition on January 24, 2005. At the hearing, the court received certain pieces of evidence offered by George's relatives, including deeds to the ranch real estate, George's will, notes written by Opal, and the testimony of the attorney for George's estate. Following the hearing, on February 28, the court entered an order in which it noted that paragraph FIFTH created an ambiguity as to whether, in the event George died prior to Opal or within 60 days of her death, Opal intended the ranch real estate to be distributed to George's relatives pursuant to paragraph THIRD or to Orville's children pursuant to paragraph FOURTH. The court explicitly

stated in its order that it relied solely on the language of the will in resolving the ambiguity and that the testimony and the other exhibits received at the hearing were not considered. The court concluded that Opal intended that the ranch real estate was to pass to George's relatives and that the balance of her estate was to pass to Orville's children. The court directed that Appellants distribute the estate property in accordance with the court's conclusions. Appellants filed this appeal.

## ASSIGNMENTS OF ERROR

Appellants assert that the county court erred in (1) receiving extrinsic evidence offered by George's relatives to resolve a patent ambiguity in Opal's will and (2) finding that Opal intended the interests in the ranch real estate to pass to George's relatives and failing to find that she intended the interests in the ranch real estate to pass to Orville's children.

## STANDARDS OF REVIEW

When a patent ambiguity exists in a will, a court must resolve such ambiguity as a matter of law. *In re Estate of Johnson*, 260 Neb. 91, 615 N.W.2d 98 (2000). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id.*

## ANALYSIS

*The County Court Did Not Consider Extrinsic*
*Evidence in Its Order.*

Appellants argue that the county court erred by admitting extrinsic evidence to resolve a patent ambiguity in the will. We conclude that Appellants' assignment of error is without merit, because although the court received such evidence, it considered only the will itself in resolving the patent ambiguity.

Ambiguity exists in an instrument, including a will, when a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable interpretations or meanings. *In re Estate of Matthews*, 13 Neb. App. 812, 702 N.W.2d 821 (2005). Parol evidence is inadmissible to determine the intent of a testator as expressed in his or her will, unless there is a latent ambiguity therein which makes his or her intention obscure or uncertain. *Id.* A latent ambiguity exists when the testator's words are

susceptible of more than one meaning, and the uncertainty arises not upon the words of the will as looked at in themselves, but upon those words when applied to the object or subject which they describe. *In re Estate of Smatlan*, 1 Neb. App. 295, 501 N.W.2d 718 (1992). Case law distinguishes latent ambiguities from patent ambiguities. A patent ambiguity is one which exists on the face of an instrument. *In re Estate of Matthews, supra.* A patent ambiguity must be removed by interpretation according to legal principles, and the intention of the testator must be found in the will. *Youngblood v. American Bible Soc.*, 227 Neb. 472, 418 N.W.2d 554 (1988), *abrogated on other grounds, Powell v. American Charter Fed. Sav. & Loan Assn.*, 245 Neb. 551, 514 N.W.2d 326 (1994).

As discussed in greater detail later in this opinion, we conclude that Opal's will contained an ambiguity and that such ambiguity was a patent ambiguity. Parol evidence was therefore inadmissible to determine Opal's intent, and the additional evidence offered by George's relatives should not have been admitted for the purpose of determining Opal's intent. However, the court explicitly stated in its order that in resolving the ambiguity, it relied solely on the language of the will, and that the testimony and the other exhibits received at the hearing were not considered.

■ We have stated that the erroneous admission of evidence in a bench trial is not reversible error if other relevant evidence, properly admitted, sustains the trial court's necessary factual findings; in such case, reversal is warranted only if the record shows that the trial court actually made a factual determination, or otherwise resolved a factual issue or question, through the use of erroneously admitted evidence. *Bowers v. Dougherty*, 260 Neb. 74, 615 N.W.2d 449 (2000).

In the present case, the will was properly admitted evidence, and the court stated that it considered only the will in resolving the patent ambiguity. The record does not contradict the court's statement and does not show that the court resolved the ambiguity through the use of the erroneously admitted evidence. Reversal on the basis of the improperly admitted evidence is therefore not warranted in the present case. We find no merit to this assignment of error.

*The County Court Did Not Err in Its Ruling Regarding the
Proper Distribution of Interests in the Ranch Real Estate.*

Appellants argue generally that the county court erred in finding that in the event George did not survive Opal for more than 60 days, Opal intended the ranch real estate to pass to George's relatives, and in failing to find that she intended the ranch real estate to pass with the rest of the estate to Orville's children. Appellants argue more specifically that the use of "my estate" in paragraph FIFTH evidenced an intent by Opal that the entire estate pass to Orville's children under paragraph FOURTH. Appellants argue in effect that the ranch real estate should pass to Orville's children by virtue of the language naming Orville's children as the beneficiaries of "my estate" and of "my residuary estate." We reject Appellant's construction of the will and conclude that the county court did not err in its construction of Opal's will.

 The cardinal rule in construing a will is to ascertain and effectuate the intention of the testator if such intention is not contrary to the law. *In re Estate of Johnson*, 260 Neb. 91, 615 N.W.2d 98 (2000). To arrive at a testator's intention expressed in a will, a court must examine the will in its entirety, consider and liberally interpret every provision in the will, employ the generally accepted literal and grammatical meanings of words used in the will, and assume that the maker of the will understood words stated in the will. *Id.*

With respect to residuary matters, we have noted that the Nebraska Probate Code does not define "residue" or "residuary devise." *Id.* We have further noted that generally, a residuary clause of a will disposes of property not usually specifically described and which has not been disposed of by the other provisions of the will. *Id.* That is, a residuary clause disposes of any estate property remaining after the satisfaction of specific bequests and devises. *Id.*

The county court determined that Opal's will contained an ambiguity, and we conclude that the court was correct in so ruling. The patent ambiguity in Opal's will arose in paragraph FIFTH in which Opal directed that if George did not survive her for more than 60 days, "the provisions for him shall lapse and my estate shall pass under paragraph Four, together with my

residuary estate." The ambiguity raised by paragraph FIFTH is whether, in the event George did not survive Opal for more than 60 days, Opal intended that her entire estate, including the ranch real estate, should pass to Orville's children, or whether she intended that the ranch real estate would still pass to George's relatives under paragraph THIRD.

Examining the will in its entirety and considering every provision, we conclude that Opal intended the interests in the ranch real estate should pass to George's relatives under paragraph THIRD whether or not George survived her for more than 60 days. Paragraph THIRD indicates a specific devise of the ranch real estate to George's relatives. Because the will makes a specific devise of the ranch real estate, the ranch real estate is not part of the residuary estate.

Although in isolation a reference to "my estate" might, as urged by Appellants, indicate the entire estate, we conclude that in the context of the entire will and giving consideration to all provisions of the will, Opal intended the interests in the ranch real estate to pass under paragraph THIRD to George's relatives and that her reference to "my estate" in paragraph FIFTH excluded this specific devise of the ranch real estate to George's relatives. We therefore conclude that the county court did not err in its construction of the will, and we find no merit to Appellants' assignment of error.

## CONCLUSION

We determine from our reading of the will that in the event George did not survive Opal for more than 60 days, Opal intended that her interests in the ranch real estate would pass to George's relatives under paragraph THIRD. We therefore conclude that the county court did not err in so construing the will. We further conclude that the record does not indicate that the county court considered extrinsic evidence in construing the will and that therefore, the county court's erroneous admission of such evidence does not warrant reversal. We affirm the order of the county court.

AFFIRMED.

WRIGHT, J., not participating.